IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Specialty National Insurance Company, <br><br>              Plaintiff,<br>v.<br><br>English Brothers Funeral Home,<br><br>              Defendant. | No. 07-CV-07507 (SHS) |

**PLAINTIFF SPECIALTY NATIONAL INSURANCE COMPANY'S
RULE 26(a)(1) DISCLOSURES**

Plaintiff, Specialty National Insurance Company ("Specialty National" or "Specialty"), by and through its attorneys, submits the following disclosures pursuant to FRCP 26(a)(1):

(i) **The name and, if known, the address and telephone number of each individual likely to have discoverable information -- along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

(1) Frank Restivo
English Brothers Funeral Home
2201 Avenue Z
Brooklyn, New York 11235

Mr. Restivo is expected to testify about the following: (1) the lawsuits brought against English Brothers including, but not limited to, *Bruno v. English Brothers Funeral Home, et al.*, Cause No. 31715/2005 (Supreme Court of the State of New York, County of Kings) and *Kogut v. English Brothers Funeral Home, et al.*, Cause No. 33691/2005 (Supreme Court of the State of New York, County of Kings); (2) the relationship between English Brothers and Biomedical Tissue Services ("Biomedical"), including, but not limited to, any written agreements wherein Biomedical was to perform services at the English Brothers Funeral Home; (3) the relationship between English Brothers and Michael Mastromarino ("Mastromarino"), including, but not limited to, any written agreements wherein Mastromarino was to perform services at the English Brothers Funeral Home; (4) Mr. Restivo's knowledge of the work performed at the English Brothers Funeral Home by Biomedical and/or Mastromarino; (5) communications between English Brothers and Specialty National; (6) communications between English Brothers and Network Adjusters, Inc.; and (7) Mr. Restivo's knowledge concerning the criminal investigation of Biomedical and Mastromarino.

(2) Anne M. Jaskula, J.D.
Executive Liability Specialist
Kemper Insurance Companies
One Kemper Drive, 12SW0739
Long Grove, IL 60049-001
847-320-3237

Ms. Jaskula is expected to testify about the claims brought against English Brothers, and Kemper's handling of the same between the time when Kemper assumed the handling of the claims from Network Adjusters up through the filing of the instant action. Ms. Jaskula is also expected to testify regarding the coverage issues raised by the claims under Specialty National policy no. 3XZ17069401 issued to English Brothers Funeral Home, and the decisions to either deny coverage or defend under a reservation of rights for the lawsuits brought against English Brothers, including, but not limited to, *Bruno v. English Brothers Funeral Home, et al.*, Cause No. 31715/2005 (Supreme Court of the State of New York, County of Kings); *Kogut v. English Brothers Funeral Home, et al.*, Cause No. 33691/2005 (Supreme Court of the State of New York, County of Kings); and *Jackson v. Biomedical Tissue Services Ltd., et al.*, Cause No. 06-1323 (United States District Court for the District of New Jersey).

(3) Cary Ell
Kemper Insurance Companies
One Kemper Drive, 12SW0739
Long Grove, IL 60049-001
847-320-3237

Mr. Ell is expected to testify about the lawsuits brought against English Brothers, including *Bruno v. English Brothers Funeral Home, et al.* and *Kogut v. English Brothers Funeral Home, et al.*, and Kemper's handling of the same after the instant action was filed.

(4) Greg Cornell
(former employee of Network Adjusters, Inc.)

Mr. Cornell is expected to testify about the agreement to provide a defense to English Brothers, pursuant to a reservation of rights, in the *Bruno v. English Brothers Funeral Home, et al.* and *Kogut v. English Brothers Funeral Home, et al.* lawsuits, and Network Adjusters' handling of the claims brought against English Brothers. Mr. Cornell is no longer employed by Network Adjusters. While employed with Network Adjusters, Mr. Cornell worked out of their Englewood, Colorado office located at 6400 S. Fiddler's Green Circle. Specialty continues to investigate Mr. Cornell's current contact information.

Specialty National reserves the right to supplement its responses to FRCP 26(a)(1)(i) at a future date as information is learned through discovery.

**(ii)    A copy -- or a description by category and location -- of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

(1)    Pleadings, motions and/or discovery from the lawsuit styled *Enright v. English Brothers Funeral Home, Inc., et al.*;

(2)    Pleadings, motions and/or discovery from the lawsuit styled *Bruno v. English Brothers Funeral Home, et al.*;

(3)    Pleadings, motions and/or discovery from the lawsuit styled *Kogut v. English Brothers Funeral Home, et al.*;

(4)    Pleadings, motions and/or discovery from the lawsuit styled *Jackson v. Biomedical Tissue Services Ltd., et al.*;

(5)    Pleadings, motions and/or discovery from the lawsuit styled *Zeltins v. Biomedical Tissue Services Ltd., et al.*;

(6)    Pleadings, motions and/or discovery from the lawsuit styled *Lokenvitz v. Biomedical Tissue Services Ltd., et al.*;

(7)    Pleadings, motions and/or discovery from the lawsuit styled *Collins v. Biomedical Tissue Services Ltd., et al.*;

(8)    Pleadings, motions and/or discovery from the lawsuit styled *Ricklefs v. Biomedical Tissue Services Ltd., et al.*;

(9)    Pleadings, motions and/or discovery from the lawsuit styled *Wood v. Biomedical Tissue Services Ltd., et al.*;

(10)   Pleadings, motions and/or discovery from the lawsuit styled *Frerichs v. Biomedical Tissue Services Ltd., et al.*;

(11)   Pleadings, motions and/or discovery from the lawsuit styled *Oberender-Doolittle v. Biomedical Tissue Services Ltd., et al.*;

(12)   Pleadings, motions and/or discovery from the lawsuit styled *Eyberg v. Biomedical Tissue Services Ltd., et al.*;

(13) Pleadings, motions and/or discovery from the lawsuit styled *Pierce v. Biomedical Tissue Services Ltd., et al.*;

(14) Pleadings, motions and/or discovery from the lawsuit styled *Landtiser v. Biomedical Tissue Services Ltd., et al.*;

(15) Pleadings, motions and/or discovery from the lawsuit styled *Kane v. Biomedical Tissue Services Ltd., et al.*;

(16) Pleadings, motions and/or discovery from the lawsuit styled *Andreasen v. Biomedical Tissue Services Ltd., et al.*;

(17) Pleadings, motions and/or discovery from the lawsuit styled *Aberbach v. Biomedical Tissue Services Ltd., et al.*;

(18) Specialty National Policy No. 3XZ17069401 issued to English Brothers Funeral Home, Inc.;

(19) Correspondence between Specialty National and English Brothers regarding coverage for the lawsuits brought against English Brothers; and

(20) Correspondence between Network Adjusters and English Brothers regarding coverage for the lawsuits brought against English Brothers.

The defendant is in possession of the documents listed above. Specialty will make additional copies of the documents upon request. Specialty reserves the right to supplement its response to FRCP 26(a)(1)(ii) at a future date.

(iii) **A computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Specialty has no response to FRCP 26(a)(1)(iii) at this time. Specialty reserves the right to supplement its response to FRCP 26(a)(1)(iii) at a future date.

(iv) **For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

A copy of Policy No. MPL3924-46-19 issued to English Brothers Funeral Home has previously been produced to the defendant. Specialty reserves the right to supplement its response to FRCP 26(a)(1)(iv) at a future date.


Date: February 5, 2008                                       Respectfully submitted,


                                                             By:_____/s_____
                                                                 Eleftherios Kravaris, Esq. (EK 4579)
                                                                 John H. Somoza, Esq. (JS 1801)
                                                                 MELITO & ADOLFSEN P.C.
                                                                 Attorneys for Plaintiff
                                                                 Specialty National Insurance Company
                                                                 233 Broadway, 28th Floor
                                                                 New York, NY  10279
                                                                 (212) 238-8900
                                                                 -and-
                                                                 Robert Brunner, Esq.
                                                                 BOLLINGER, RUBERRY & GARVEY
                                                                 Attorneys for Plaintiff
                                                                 Specialty National Insurance Company
                                                                 500 West Madison Street
                                                                 Suite 2300
                                                                 Chicago, Illinois 60661
                                                                 (312) 466-8000

63097