## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Specialty National Insurance Company, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07-CV-07507 (SHS) |
| | ) | |
| English Brothers Funeral Home, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS

Plaintiff Specialty National Insurance Company ("Specialty"), by their attorneys Melito & Adolfsen P.C., submits this statement pursuant to Rule 56.1 of the Local Rules of the United States District Court for the Southern District of New York, in support of plaintiff's motion for summary judgment:

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1.    Specialty commenced this action by the filing of a Summons and Complaint on August 24, 2007. A copy of Specialty's Summons and Complaint is annexed hereto as Exhibit "A".

2.    Defendant English Brothers Funeral Home ("English Brothers") interposed an Answer on or about December 11, 2007. A copy of the English Brother's Answer is annexed hereto as Exhibit "B".

3.    English Brothers is a funeral home accused, in several underlying actions, of illegally providing corpses to third parties for the harvesting of body parts without the consent of the decedents' family members.

4.      It is alleged in the underlying actions against English Brothers that English Brother provided Michael Mastomarion ("Mastomarion"), Joseph Nicelli ("Nicelli") and Biomedical Tissue Services, Ltd. ("BTS") with tissue and bones from human bodies.

5.      It is further alleged in the underlying actions against English Brothers that English Brothers altered medical records, death certificates and the identity of the corpses in order to facilitate the illegal harvesting.

6.      Joe Enright commenced an underlying action in the Supreme Court of the State of New York, County of Kings against the English Brothers styled *Enright v. English Brothers Funeral Home, Inc. et al.* ("The Enright Complaint") (Exhibit "C").

7.      The Enright Complaint alleges that the English Brothers' illegally harvested his wife's organs and that their actions were intentional, malicious, tortuous and fraudulent. *Id.*

8.      Vito Bruno as the administrator of the Estate of Michael Bruno commenced an underlying action against the English Brothers in the Supreme Court of the State of New York, County of Kings County styled *Bruno, as the administrator of the Estate of Michael Bruno v. English Brothers Funeral Home, Inc. et al.* ("The Bruno Complaint")(Exhibit "D").

9.      The Bruno Complaint alleges that the English Brothers forged documents in order to allow BTS to harvest the corpses. *Id.* It is further alleged that their conduct was malicious, willful and grossly negligent entitling plaintiff to punitive damages. *Id.*

10.     Mattie Kogut commenced an underlying action in the Supreme Court of the State of New York, County of Kings County styled *Kogut, as administratrix of the*

2

*Estate of Danette Kogut v. English Brothers Funeral Home et al.* ("The Kogut Complaint") ("Exhibit "E").

11.    The Kogut Complaint alleges that the English Brothers forged documents allowing BTS to illegally perform harvesting procedures on Danette Kogut at the English Brothers' funeral home. *Id.*

12.    It is further alleged that the actions of the English Brothers were malicious, willful and grossly negligent entitling the plaintiffs to punitive damages. *Id.*

13.    Ned Jackson commenced an underlying action in the United Stated District Court for the District of New Jersey styled *Jackson v. Biomedical Tissue Services, et al.* ("The Jackson Complaint") (Exhibit "F").

14.    The Jackson Complaint alleges that plaintiff received tissues from Medtronic Sofamor Danek ("Medtronic"), which distributed tissue and organs it acquired from BTS for a spinal fusion surgery he underwent in 2005. *Id.*

15.    The Jackson Complaint seeks damages from the English Brothers for breach of express warranty, infliction of emotional distress and medical monitoring as well as punitive damages due to the willful misconduct, malice and fraud committed by the English Brothers. *Id.*

16.    Dainis Zeltins commenced an underlying action in the Supreme Court of the State of New York, County of Kings, styled *Zeltins v. Biomedical Tissue Services, Ltd. et al.* ("The Zeltins Complaint") (Exhibit "G").

17.    The Zeltins Complaint was brought on behalf of plaintiffs and similarly situated individuals against the English Brothers for illegally obtaining human body parts from the plaintiffs' loved ones. *Id.*

3

18.    The Zeltins Complaint seeks damages from intentional infliction of emotional distress, intentional misrepresentation and violation of New York Consumer Protection Statue as well as punitive damages based upon the willful misconduct, malice and fraud committed by the English Brothers. *Id.*

19.    Jeffrey Lokenvitz filed a complaint in the United States District Court for the Northern District of Iowa, Eastern Division, styled *Lokenvitz v. Biomedical Tissue Services Ltd. et al.* ("The Lokenvitz Complaint") (Exhibit "H").

20.    The Lokenvitz Complaint alleges that plaintiff underwent surgery which required the use of bone and tissue which was obtained through BTS. It is further alleged that BTS acquired the bone and tissue from the English Brothers and other funeral homes. *Id.*

21.    The Lokenvitz Complaint seeks damages for intentional misrepresentation, breach of express warranties and medical monitoring as well as punitive damages based upon the willful misconduct, malice and fraud committed by the English Brothers. *Id.*

22.    Brian Collins commenced an underlying action in the United States District Court for the Northern District of Iowa, Central Division, styled *Collins v. Biomedical Tissue Services, Ltd., et al.* ("The Collins Complaint") (Exhibit "I").

23.    The Collins Complaint alleges that plaintiff underwent surgery requiring the use of tissue which was obtained from corpses in the care of the English Brothers. *Id.*

24.    Plaintiff Collins seeks damages for intentional misrepresentation, breach of express warranties and medical monitoring as well as punitive damages for the

reckless and willful misconduct, malice and fraud committed by the English Brothers. (Id).

25.    Jodi M. Ricklefs commenced an underlying action in the United States District Court for the Northern District of Iowa, Central Division, styled *Ricklefs v. Biomedical Services, Ltd., et al.* ("The Ricklefs Complaint") (Exhibit "J").

26.    The Ricklefs Complaint alleges that plaintiff underwent surgery which required the use of tissue.  *Id.*  It is alleged that the tissue was obtained from Medtronic who sold tissue harvested from various funeral homes including the English Brothers without authorization from family members.  *Id.*

27.    The Ricklefs Complaint seeks damages for intentional misrepresentation, breach of express warranties and medical monitoring as well as punitive damages for the reckless and willful misconduct, malice and fraud committed by the English Brothers.  *Id.*

28.    Marion Wood commenced an underlying action in the United States District Court for the Northern District of Iowa, Central Division, styled *Wood v. Biomedical Tissue Services Ltd., et al.*  ("The Wood Complaint") (Exhibit "K").

29.    The Wood Complaint alleges that plaintiff underwent surgery which required the use of tissue obtained through BTS.  *Id.*  It is further alleged that that tissue obtained from BTS was harvested from bodies improperly obtained from various funeral homes, including the English Brothers.

30.    The Wood Complaint seeks damages from the English Brothers for intentional misrepresentation, breach of express warranties and medical monitoring.  *Id.* The Complaint further seeks punitive damages for the reckless and willful misconduct malice and fraud committed by the English Brothers.  *Id.*

31.    Shawn Freichs commenced an underlying action in the United States District Court for the Northern District of Iowa, Central Division, styled *Frerichs v. Biomedical Tissue Services, Ltd., et al.* ("The Frerich Complaint) (Exhibit "L").

32.    The Frerichs Complaint alleges that plaintiff underwent surgery which required the use of tissue obtained through Medtronic. *Id.* It is further alleged that that tissue obtained from Medtronic was harvested from bodies improperly obtained from various funeral homes, including the English Brothers. *Id.*

33.    The Frerichs Complaint seeks damages from the English Brothers for intentional misrepresentation, breach of express warranties and medical monitoring. *Id.* The Complaint further seeks punitive damages for the reckless and willful misconduct malice and fraud committed by the English Brothers. *Id.*

34.    Kim E. Oberender-Doolittle commenced an underlying action in the United States District Court for the Northern District of Iowa, Central Division, styled *Oberender-Doolittle v. Biomedical Tissue Services, Ltd., et al.* ("The Doolittle Complaint") (Exhibit "M").

35.    The Doolittle Complaint alleges that plaintiff underwent surgery which required the use of tissue obtained through BTS. *Id.* It is further alleged that that tissue obtained from BTS was harvested from bodies improperly obtained from various funeral homes, including the English Brothers. *Id.*

36.    The Doolittle Complaint seeks damages from the English Brothers for intentional misrepresentation, breach of express warranties and medical monitoring. *Id.* The Complaint further seeks punitive damages for the reckless and willful misconduct malice and fraud committed by the English Brothers. *Id.*

37.    Brandon Eyberg commenced an underlying action in the United States District Court for the Northern District of Iowa, Eastern Division, styled *Eyberg v. Biomedical Tissue Services, Ltd., et al.* ("The Eyberg Complaint") (Exhibit "N").

38.    The Eyberg Complaint alleges that plaintiff underwent surgery which required the use of tissue obtained through Medtronic. *Id.* It is further alleged that that tissue obtained from Medtronic was harvested from bodies improperly obtained from various funeral homes, including the English Brothers. *Id.*

39.    The Eyberg Complaint seeks damages from the English Brothers for intentional misrepresentation, breach of express warranties and medical monitoring. *Id.* The Complaint further seeks punitive damages for the reckless and willful misconduct malice and fraud committed by the English Brothers. *Id.*

40.    Stephen Pierce commenced an underlying action in United States District Court for the Northern District of Iowa, Central Division, styled *Pierce v. Biomedical Tissue Services, Ltd., et al.* ("The Pierce Complaint") (Exhibit "O").

41.    The Pierce Complaint alleges that plaintiff underwent surgery which required the use of tissue obtained through BTS. *Id.* It is further alleged that that tissue obtained from BTS was harvested from bodies improperly obtained from various funeral homes, including the English Brothers. *Id.*

42.    The Pierce Complaint seeks damages from the English Brothers for intentional misrepresentation, breach of express warranties and medical monitoring. *Id.* The Complaint further seeks punitive damages for the reckless and demonstrated willful misconduct malice, fraud and wantonness shown by the English Brothers. *Id.*

43.    Douglas Landtiser commenced an action in United States District Court for the Northern District of Iowa, Davenport Division, styled *Landtiser v. Biomedical Tissue Services, Ltd., et al.* ("The Landtiser Complaint") (Exhibit "P").

44.    The Landtiser Complaint alleges that plaintiff underwent surgery which required the use of tissue obtained through Regeneration. *Id.* It is further alleged that that tissue obtained from Regeneration was harvested from bodies improperly obtained from various funeral homes, including the English Brothers. *Id.*

45.    The Landtiser Complaint seeks damages from the English Brothers for intentional misrepresentation, breach of express warranties and medical monitoring. *Id.* The Complaint further seeks punitive damages for the reckless and willful misconduct malice and fraud committed by the English Brothers. *Id.*

46.    Darcy A. Kane commenced an underlying action in United States District Court for the Northern District of Iowa, Central Division, styled *Kane v. Biomedical Tissue Services, Ltd., et al.* ("The Kane Complaint" (Exhibit "Q").

47.    The Kane Complaint alleges that plaintiff underwent surgery which required the use of tissue obtained through Spinal Graft. *Id.* It is further alleged that that tissue obtained from Spinal Graft was harvested from bodies improperly obtained from various funeral homes, including the English Brothers. *Id.*

48.    The Kane Complaint seeks damages from the English Brothers for intentional misrepresentation, breach of express warranties and medical monitoring. *Id.* The Complaint further seeks punitive damages for the reckless and willful misconduct, malice, fraud and wantonness committed by the English Brothers. *Id.*

8

49.    Malinda Andresen commenced an underlying action in United States District Court for the Northern District of Iowa, Central Division, styled *Andresen v. Biomedical Tissue Services, Ltd., et al.* ("The Adresen Complaint") (Exhibit "R").

50.    The Adresen Complaint alleges that plaintiff underwent surgery which required the use of tissue obtained through Medtronic. *Id.* It is further alleged that that tissue obtained from Medtronic was harvested from bodies improperly obtained from various funeral homes, including the English Brothers. *Id.*

51.    The Andresen Complaint seeks damages from the English Brothers for intentional misrepresentation, breach of express warranties and medical monitoring. *Id.* The Complaint further seeks punitive damages for the willful misconduct, malice and fraud committed by the English Brothers. *Id.*

52.    Ronald Aberbach commenced an underlying action in the Supreme Court of the State of New York, County of Kings, styled *Aberbach v. Biomedical Tissue Services, Ltd., et al.* ("the Aberbach Complaint") (Exhibit "S").

53.    The Aberbach Complaint alleges that plaintiff underwent surgery which required the use of tissue that may have been potentially contaminated. *Id.* The Complaint further alleges that several funeral homes, including the English Brothers improperly removed the potentially contaminated human tissue used in his surgery. *Id.*

54.    The Aberbach Complaint seeks damages from the English Brothers for battery, infliction of emotional distress and punitive damages. *Id.*

55.    Specialty National issued Policy No. 3XZ17069401 to English Brothers effective August 1, 2002 to August 1, 2003 with separate coverages for Business Liability and Death Care Services Professional Liability (the "Policy") (Exhibit "T").

56.    The Business Owners Liability Coverage form of the Policy provides, in

relevant part, as follows:

> a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage", "personal injury" and "or advertising injury to which this insurance applies. …
>
> b.    This insurance applies:
>
>> (1)    To "bodily injury" and "property damage" only if:
>>
>>> (a)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and
>>>
>>> *(b)* The "bodily injury" or "property damage" occurs during the policy period.

*Id.*

55.    The Business Owners Liability Coverage form of the Policy also provides

no coverage for the following:

> "Bodily injury", "property damage", "personal injury", "advertising injury" due to rendering or failure to render any professional service.
>
> "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

*Id.*

56.    The Insuring Agreement found in the Death Care Services coverage part

provides, in relevant part, as follows:

> a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of a "professional incident" to which this insurance applies ... This insurance applies to a "professional incident" only if it takes place:
>
>> (1)    In the "coverage territory"; and
>> (2)    During the policy period.  .  .  .

    *b.*   Damages because of a "professional incident" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "professional incident."

*Id.*

57.    The Death Care Services coverage part excludes coverage for the following:

    a.    Any claim in connection with which an insured has knowingly:

        (1)    Violated any law or ordinance; or
        (2)    Committed any criminal act.

    This exclusion does not apply to an act:

    Done in good faith; or

    When requested by a public official who appears to have authority to require such an act.

*Id.*

58.    An endorsement to the Policy provides that the insurance "should not apply to a claim of, or indemnification for, punitive or exemplary damages, or any damages awarded pursuant to statute in the form of double, treble, or other multiple damages in excess of compensatory damages."

*Id.*

Dated: New York, New York
       May 8, 2008

                  Respectfully submitted,

                  By:_____
                    Eleftherios Kravaris, Esq. (EK 4579)
                    John H. Somoza, Esq. (JS 1801)
                    MELITO & ADOLFSEN P.C.
                    Attorneys for Plaintiff
                    Specialty National Insurance Company
                    233 Broadway, 28th Floor
                    New York, NY  10279
                    (212) 238-8900

-and-

Robert Brunner, Esq.
BOLLINGER, RUBERRY & GARVEY
Attorneys for Plaintiff
Specialty National Insurance Company
500 West Madison Street
Suite 2300
Chicago, Illinois 60661
(312) 466-8000

65522