# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
========================================

SPECIALTY NATIONAL INSURANCE CO.,

   Plaintiff,

v.

ENGLISH BROTHERS FUNERAL HOME,

   Defendant.

========================================

No. 1:07-cv-07507 (SHS)

**ANSWER WITH COUNTERCLAIMS**

FILED ELECTRONICALLY

   Defendant English Brothers Funeral Home, by its attorneys, Kenney Shelton Liptak Nowak LLP, for its Answer with Counterclaims to plaintiff's Complaint for Declaratory Judgment:

   1.  States that the lawsuits and allegations referred to in paragraph 1 of the complaint speak for themselves; states that paragraph 1 of the complaint does not otherwise contain any allegations of fact that would require a response; and otherwise denies the allegations in paragraph 1.

   2.  Denies information or knowledge sufficient to admit or deny the allegations in paragraph 2.

   3.  Admits the allegations in paragraph 3.

   4.  States that the allegations in paragraph 4 constitute legal conclusions to which no response is required.

   5.  States that the allegations in paragraph 5 constitute legal conclusions to which no response is required.

6. States that the allegations in paragraph 6 constitute legal conclusions to which no response is required.

7. In response to the allegations in paragraph 7, admits Specialty National issued English Brothers an insurance policy in effect at all relevant times, and otherwise states that the policy speaks for itself.

8. In response to the allegations in paragraph 8, admits the lawsuit alleged was filed; otherwise states that the pleadings in that lawsuit speak for themselves; and denies any other characterization of the claims, facts, or issues in that action.

9. In response to the allegations in paragraph 9, states that the pleadings in the lawsuit alleged speak for themselves, and denies any other characterization of the claims, facts, or issues in that action.

10. In response to the allegations in paragraph 10, states that the pleadings in the lawsuit alleged speak for themselves, and denies any other characterization of the claims, facts, or issues in that action.

11. In response to the allegations in paragraph 11, admits the lawsuit alleged was filed; otherwise states that the pleadings in that lawsuit speak for themselves; and denies any other characterization of the claims, facts, or issues in that action.

12. Admits the allegations in paragraph 12.

13. In response to the allegations in paragraph 13, admits the lawsuit alleged was filed; otherwise states that the pleadings in that lawsuit speak for themselves; and denies any other characterization of the claims, facts, or issues in that action.

14. Admits the allegations in paragraph 14.

15. In response to the allegations in paragraph 15, admits the lawsuit alleged was filed; otherwise states that the pleadings in that lawsuit speak for themselves; and denies any other characterization of the claims, facts, or issues in that action.

16. In response to the allegations in paragraph 16, states that the pleadings in the lawsuit alleged speak for themselves, and denies any other characterization of the claims, facts, or issues in that action.

17. In response to the allegations in paragraph 17, admits the lawsuit alleged was filed; otherwise states that the pleadings in that lawsuit speak for themselves; and denies any other characterization of the claims, facts, or issues in that action.

18. In response to the allegations in paragraph 18, states that the pleadings in the lawsuit alleged speak for themselves, and denies any other characterization of the claims, facts, or issues in that action.

19. In response to the allegations in paragraph 19, admits the lawsuit alleged was filed; otherwise states that the pleadings in that lawsuit speak for themselves; and denies any other characterization of the claims, facts, or issues in that action.

20. In response to the allegations in paragraph 20, states that the pleadings in the lawsuit alleged speak for themselves, and denies any other characterization of the claims, facts, or issues in that action.

21. In response to the allegations in paragraph 21, admits the lawsuit alleged was filed; otherwise states that the pleadings in that lawsuit speak for themselves; and denies any other characterization of the claims, facts, or issues in that action.

22. In response to the allegations in paragraph 22, states that the pleadings in the lawsuit alleged speak for themselves, and denies any other characterization of the claims, facts, or issues in that action.

23. In response to the allegations in paragraph 23, admits the lawsuit alleged was filed; otherwise states that the pleadings in that lawsuit speak for themselves; and denies any other characterization of the claims, facts, or issues in that action.

24. In response to the allegations in paragraph 24, states that the pleadings in the lawsuit alleged speak for themselves, and denies any other characterization of the claims, facts, or issues in that action.

25. In response to the allegations in paragraph 25, admits the lawsuit alleged was filed; otherwise states that the pleadings in that lawsuit speak for themselves; and denies any other characterization of the claims, facts, or issues in that action.

26. In response to the allegations in paragraph 26, states that the pleadings in the lawsuit alleged speak for themselves, and denies any other characterization of the claims, facts, or issues in that action.

27. In response to the allegations in paragraph 27, admits the lawsuit alleged was filed; otherwise states that the pleadings in that lawsuit speak for themselves; and denies any other characterization of the claims, facts, or issues in that action.

28. In response to the allegations in paragraph 28, states that the pleadings in the lawsuit alleged speak for themselves, and denies any other characterization of the claims, facts, or issues in that action.

29. In response to the allegations in paragraph 29, admits the lawsuit alleged was filed; otherwise states that the pleadings in that lawsuit speak for themselves; and denies any other characterization of the claims, facts, or issues in that action.

30. In response to the allegations in paragraph 30, states that the pleadings in the lawsuit alleged speak for themselves, and denies any other characterization of the claims, facts, or issues in that action.

31. In response to the allegations in paragraph 31, admits the lawsuit alleged was filed; otherwise states that the pleadings in that lawsuit speak for themselves; and denies any other characterization of the claims, facts, or issues in that action.

32. In response to the allegations in paragraph 32, states that the pleadings in the lawsuit alleged speak for themselves, and denies any other characterization of the claims, facts, or issues in that action.

33. In response to the allegations in paragraph 33, admits the lawsuit alleged was filed; otherwise states that the pleadings in that lawsuit speak for themselves; and denies any other characterization of the claims, facts, or issues in that action.

34. In response to the allegations in paragraph 34, states that the pleadings in the lawsuit alleged speak for themselves, and denies any other characterization of the claims, facts, or issues in that action.

35. In response to the allegations in paragraph 35, admits the lawsuit alleged was filed; otherwise states that the pleadings in that lawsuit speak for themselves; and denies any other characterization of the claims, facts, or issues in that action.

36. In response to the allegations in paragraph 36, states that the pleadings in the lawsuit alleged speak for themselves, and denies any other characterization of the claims, facts, or issues in that action.

37. In response to the allegations in paragraph 37, admits the lawsuit alleged was filed; otherwise states that the pleadings in that lawsuit speak for themselves; and denies any other characterization of the claims, facts, or issues in that action.

38. In response to the allegations in paragraph 38, states that the pleadings in the lawsuit alleged speak for themselves, and denies any other characterization of the claims, facts, or issues in that action.

39. In response to the allegations in paragraph 39, admits the lawsuit alleged was filed; otherwise states that the pleadings in that lawsuit speak for themselves; and denies any other characterization of the claims, facts, or issues in that action.

40. In response to the allegations in paragraph 40, states that the pleadings in the lawsuit alleged speak for themselves, and denies any other characterization of the claims, facts, or issues in that action.

41. In response to the allegations in paragraph 41, admits the lawsuit alleged was filed; otherwise states that the pleadings in that lawsuit speak for themselves; and denies any other characterization of the claims, facts, or issues in that action.

42. In response to the allegations in paragraph 42, states that the pleadings in the lawsuit alleged speak for themselves, and denies any other characterization of the claims, facts, or issues in that action.

43. States that paragraph 43 of the complaint does not contain any allegations of fact that would require a response.

44. In response to the allegations in paragraph 44 of the complaint, incorporates and re-alleges paragraphs 1 through 43 as if fully set forth herein.

45. In response to the allegations in paragraph 45 of the complaint, states that the policy alleged speaks for itself.

46. In response to the allegations in paragraph 46 of the complaint, states that the policy alleged speaks for itself.

47. Denies the allegations in paragraph 47.

48. In response to the allegations in paragraph 48 of the complaint, incorporates and re-alleges paragraphs 1 through 47 as if fully set forth herein.

49. In response to the allegations in paragraph 49 of the complaint, states that the policy alleged speaks for itself.

50. States that the allegations in paragraph 50 constitute legal conclusions to which no response is required.

51. States that the allegations in paragraph 51 constitute legal conclusions to which no response is required.

52. States that the allegations in paragraph 52 constitute legal conclusions to which no response is required.

53. In response to the allegations in paragraph 53 of the complaint, incorporates and re-alleges paragraphs 1 through 52 as if fully set forth herein.

54. In response to the allegations in paragraph 54 of the complaint, states that the policy alleged speaks for itself.

55. Denies the allegations in paragraph 55 of the complaint.

56. In response to the allegations in paragraph 56 of the complaint, incorporates and re-alleges paragraphs 1 through 55 as if fully set forth herein.

57. In response to the allegations in paragraph 57 of the complaint, states that the policy alleged speaks for itself.

58. States that the allegations in paragraph 58 constitute legal conclusions to which no response is required, and otherwise denies the allegations in paragraph 58.

59. In response to the allegations in paragraph 59 of the complaint, incorporates and re-alleges paragraphs 1 through 58 as if fully set forth herein.

60. In response to the allegations in paragraph 60 of the complaint, states that the policy alleged speaks for itself.

61. States that the allegations in paragraph 61 constitute legal conclusions to which no response is required, and otherwise denies the allegations in paragraph 61.

62. In response to the allegations in paragraph 62 of the complaint, incorporates and re-alleges paragraphs 1 through 61 as if fully set forth herein.

63. In response to the allegations in paragraph 63 of the complaint, states that the policy alleged speaks for itself.

64. In response to the allegations in paragraph 64 of the complaint, states that the policy alleged speaks for itself.

65. States that the allegations in paragraph 65 constitute legal conclusions to which no response is required, and otherwise denies the allegations in paragraph 65.

66. States that the allegations in paragraph 66 constitute legal conclusions to which no response is required, and otherwise denies the allegations in paragraph 66.

67. In response to the allegations in paragraph 67 of the complaint, incorporates and re-alleges paragraphs 1 through 66 as if fully set forth herein.

68. States that the allegations in paragraph 68 constitute legal conclusions to which no response is required, and otherwise denies the allegations in paragraph 68.

69. In response to the allegations in paragraph 69 of the complaint, states that the policy alleged speaks for itself.

70. In response to the allegations in paragraph 70 of the complaint, incorporates and re-alleges paragraphs 1 through 69 as if fully set forth herein.

71. In response to the allegations in paragraph 71 of the complaint, states that the policy alleged speaks for itself.

72. States that the allegations in paragraph 72 constitute legal conclusions to which no response is required.

73. In response to the allegations in paragraph 73 of the complaint, incorporates and re-alleges paragraphs 1 through 72 as if fully set forth herein.

74. States that the allegations in paragraph 74 constitute legal conclusions to which no response is required.

75. States that the allegations in paragraph 75 constitute legal conclusions to which no response is required, and otherwise denies the allegations in paragraph 75.

76. States that the allegations in paragraph 76 constitute legal conclusions to which no response is required, and otherwise denies the allegations in paragraph 76.

77. States that the allegations in paragraph 77 constitute legal conclusions to which no response is required, and otherwise denies the allegations in paragraph 77.

78. States that paragraph 78 of the complaint does not contain any allegations of fact that would require a response.

79. Denies any allegations made in the complaint's "wherefore" clause.

### FIRST AFFIRMATIVE DEFENSE

Specialty National fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Specialty National is precluded at law from raising its alleged defenses to coverage.

### THIRD AFFIRMATIVE DEFENSE

Specialty National has waived its alleged defenses to coverage.

### FOURTH AFFIRMATIVE DEFENSE

Specialty National is estopped from raising its alleged defenses to coverage.

### FIFTH AFFIRMATIVE DEFENSE

Specialty National has materially breached its policy by denying English Brothers a defense in all of the underlying actions because each of the underlying actions alleges claims that, if proven, would be covered under the policy. Specialty National has therefore deprived English Brothers of the "litigation insurance" to which English Brothers is entitled under the policy and under New York law.

### SIXTH AFFIRMATIVE DEFENSE

By bringing this action seeking a declaration that is has no duty to defend English Brothers, Specialty National is anticipatorily breaching its policy by seeking to deny English Brothers a defense in each of the underlying actions. Specialty National's intention to deprive English Brothers of the "litigation insurance" to which it is entitled

under the policy and under New York law entitles English Brothers to retain defense counsel of its own choosing at Specialty National's expense.

### SEVENTH AFFIRMATIVE DEFENSE

Specialty National's action is premature and unripe.

### FIRST COUNTERCLAIM

By bringing this action seeking a declaration that is has no duty to defend English Brothers, Specialty National, to prevail, must prove facts and allegations antithetical to English Brothers' interests in pending litigation. Specialty National is therefore placing its financial interests ahead of those of English Brothers in willful disregard of English Brothers' interests. Specialty National is therefore obligated to pay all of English Brothers' defense costs in the underlying action and any liability of English Brothers, without regard to the limits of the policy.

### SECOND COUNTERCLAIM

By hailing its insured into this action to litigate the issue of coverage, Specialty National must pay English Brothers' attorney's fees in this action.

**WHEREFORE**, English Brothers demands judgment: (1) dismissing Specialty National's complaint in its entirety with prejudice; (2) granting English Brothers judgment declaring that Specialty National is obligated to defend English Brothers in all of the underlying actions; (3) granting English Brothers judgment declaring that Specialty National must defend and indemnify English Brothers in the underlying actions without regard to policy limits; (4) declaring that English Brothers is entitled to its attorney's fees in this action; and (5) granting such other relief as the Court finds just and proper.

Dated: December 11, 2007   Respectfully submitted,

KENNEY SHELTON LIPTAK NOWAK LLP

By: _____/s/_____
Timothy E. Delahunt, Esq.

510 Rand Building
14 Lafayette Square
Buffalo, New York 14203
Tel.: (716) 853-3801
Fax: (716) 853-0265
E-Mail: tedelahunt@kslnlaw.com

*Attorneys for defendant English Brothers Funeral Home*