# Exhibit C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------X
JOE ENRIGHT,

                         Plaintiffs,                   **COMPLAINT**

    -against-
                                              Index No.

ENGLISH BROS. FUNERAL HOME INC.,
BIOMEDICAL TISSUE SERVICES LTD, MICHAEL        Date Filed:
MASTROMARINO and JOSEPH NICELLI

                         Defendants.
-------------------------------------------------------------X

        Plaintiff, by his attorneys, O'DWYER & BERNSTIEN, LLP, complaining of the defendants,

respectfully alleges, upon information and belief, as follows:

        1.      That at all times hereinafter mentioned, plaintiff was and still is a resident of the County

of Kings, City and State of New York.

        2.      This action falls under one or more of the exceptions listed under CPLR §1602.

        3.      That on July 30, 2003 and prior thereto, this plaintiff was the lawful spouse of one

Elizabeth Rourke.

        4.      That on July 30, 2003, said Elizabeth Rourke died while a patient at Beth Israel Medical

Center in New York City.

        5.      That on July 30, 2003 and subsequent thereto, the defendant ENGLISH BROS.

FUNERAL HOME INC. was a corporation duly organized and existing under and by virtue of the

laws of the State of New York.

        6.      That on July 30, 2003 and prior and subsequent thereto, the defendant ENGLISH

BROS. FUNERAL HOME INC. was actively engaged in conducting business at 2203 Avenue Z in the

County of Kings, City and State of New York.

7.    That on July 30, 2003 and prior and subsequent thereto, the defendant ENGLISH BROS. FUNERAL HOME INC. conducted business under the name and style "English Brothers Funeral Home" at the address 2203 Avenue Z in the County of Kings, City and State of New York.

8.    That on July 30, 2003 and prior and subsequent thereto, the defendant ENGLISH BROS. FUNERAL HOME INC. owned the aforementioned funeral home.

9.    That on July 30, 2003 and prior and subsequent thereto, the defendant ENGLISH BROS. FUNERAL HOME INC. operated the aforementioned funeral home.

10.    That on July 30, 2003 and prior and subsequent thereto, the defendant ENGLISH BROS. FUNERAL HOME INC. managed the aforementioned funeral home.

11.    That on July 30, 2003 and prior and subsequent thereto, the defendant ENGLISH BROS. FUNERAL HOME INC. controlled the aforementioned funeral home.

12.    That on July 30, 2003 and prior and subsequent thereto, the business of the defendant ENGLISH BROS. FUNERAL HOME INC. included the rendering of funeral services to deceased members of the community for a fee.

13.    That on July 30, 2003 the defendant ENGLISH BROS. FUNERAL HOME INC. entered into a contract with the plaintiff herein to provide funeral services for and on behalf of his deceased spouse Elizabeth Rourke.

14.    That on July 30, 2003 and at all times hereinafter mentioned the defendant MICHAEL MASTROMARINO was a principal of the defendant ENGLISH BROS. FUNERAL HOME INC.

15.    That on July 30, 2003 the defendant MICHAEL MASTROMARINO operated managed and controlled the business of the defendant ENGLISH BROS. FUNERAL HOME INC.

16.    That on July 30, 2003 the defendant MICHAEL MASTROMARINO entered into a contract with the plaintiff herein to provide funeral services for and on behalf of his deceased spouse Elizabeth Rourke.

17.    That on or about July 30, 2003, the plaintiff JOE ENRIGHT entrusted the body of his deceased wife Elizabeth Rourke to the custody of defendant ENGLISH BROS. FUNERAL HOME INC. for the purpose of cremation.

18.    That on July 30, 2003 and subsequent thereto, the defendant BIOMEDICAL TISSUE SERVICES, LTD was a corporation duly organized and existing under and by virtue of the laws of the State of New Jersey.

19.    That on July 30, 2003 and prior and subsequent thereto, the defendant BIOMEDICAL TISSUE SERVICES, LTD was a foreign corporation actively engaged in doing business within the County of Kings, City and State of New York.

20.    That on or about July 30, 2003 and prior and subsequent thereto, the defendant BIOMEDICAL TISSUE SERVICES, LTD received substantial revenue from services rendered within the County of Kings, City and State of New York.

21.    That on July 30, 2003 and at all times hereinafter mentioned, and upon information and belief, the defendant BIOMEDICAL TISSUE SERVICES, LTD was in the business of selling bones, fat, skin, ligaments and other body parts to tissue processors for a wide variety of transplants and a wide variety of orthopedic procedures.

22.    That on or about July 30, 2003 and at all times hereinafter mentioned, and upon information and belief, the defendant MICHAEL MASTROMARINO owned defendant BIOMEDICAL TISSUE SERVICES, LTD.

23.    That on or about July 30, 2003 and at all times hereinafter mentioned, and upon information and belief, the defendant MICHAEL MASTROMARINO operated defendant BIOMEDICAL TISSUE SERVICES, LTD.

24.     That on or about July 30, 2003 and prior and subsequent thereto and at all times hereinafter mentioned, and upon information and belief, the defendant MICHAEL MASTROMARINO maintained defendant BIOMEDICAL TISSUE SERVICES, LTD.

25.     That on or about July 30, 2003 and prior and subsequent thereto and at all times hereinafter mentioned, and upon information and belief, the defendant MICHAEL MASTROMARINO controlled defendant BIOMEDICAL TISSUE SERVICES, LTD.

26.     That on or about July 30, 2003 and prior and subsequent thereto and at all times hereinafter mentioned, and upon information and belief, the defendant MICHAEL MASTROMARINO managed defendant BIOMEDICAL TISSUE SERVICES, LTD.

27.     That on or about July 30, 2003 and prior and subsequent thereto and at all times hereinafter mentioned, and upon information and belief, the defendant MICHAEL MASTROMARINO performed harvesting procedures on human bodies for and on behalf of defendant BIOMEDICAL TISSUE SERVICES, LTD.

28.     That on or about July 30, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant ENGLISH BROS. FUNERAL HOME INC. entered into a contract with defendant BIOMEDICAL TISSUE SERVICES, LTD for the harvesting of human parts from dead bodies entrusted to the care of defendant ENGLISH BROS. FUNERAL HOME INC.

29.     That on or about July 30, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant JOSEPH NICELLI was an embalmer licensed by the State of New York.

30.     That on or about July 30, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant JOSEPH NICELLI was employed by the defendant ENGLISH BROS. FUNERAL HOME INC. for the purpose of embalming human bodies entrusted to the care of defendant ENGLISH BROS. FUNERAL HOME INC.

31.    That on or about July 30, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant JOSEPH NICELLI, was employed by the defendant BIOMEDICAL TISSUE SERVICES, LTD for the purpose of embalming human bodies entrusted to the care of defendant BIOMEDICAL TISSUE SERVICES, INC.

32.    That on or about July 30, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant JOSEPH NICELLI performed harvesting procedures for defendant BIOMEDICAL TISSUE SERVICES, LTD, ENGLISH BROS. FUNERAL HOME INC. and MICHAEL MASTROMARINO.

33.    That on or about July 30, 2003, and at all time hereinafter mentioned, and upon information and belief, the defendant ENGLISH BROS. FUNERAL HOME INC. entered into a contract with defendant JOSEPH NICELLI for the harvesting human parts from dead bodies entrusted to the care of defendant ENGLISH BROS. FUNERAL HOME INC.

34.    That on or about July 30, 2003, and upon information and belief, the defendant MICHAEL MASTROMARINO harvested human parts from the body of the descendent Elizabeth Rourke without plaintiff's consent and authorization and in violation of the terms of his contract with the plaintiff and in violation of law.

35.    That on or about July 30, 2003, and upon information and belief, the defendant BIOMEDICAL TISSUE SERVICES, LTD harvested human parts from the body of the decedent Elizabeth Rourke, without plaintiff's consent and authorization and in violation of the terms of its contract with the plaintiff and in violation of law.

36.    That on or about July 30, 2003, and upon information and belief, the defendant JOSEPH NICELLI harvested human parts from the body of the deceased Elizabeth Rourke without plaintiff's consent and authorization and in violation of the terms of his contract with the plaintiff and of the laws of the state of New York.

37.    That on or about July 30, 2003, and upon information and belief, the defendant JOSEPH NICELLI performed harvesting procedures on the bodily remains of deceased Elizabeth Rourke.

38.    That on or about July 30, 2003, and at all times hereinafter mentioned, and upon all information and belief, said harvesting procedure was performed on deceased Elizabeth Rourke's body without the consent and authorization of the plaintiff.

39.    That on or about July 30, 2003, and upon all information and belief, the defendant ENGLISH BROS. FUNERAL HOME INC. fraudulently forged documents or caused them to be forged in order to allow defendant BIOMEDICAL TISSUE SERVICES, LTD to harvest parts from the bodily remains of Elizabeth Rourke.

40.    That on or about July 30, 2003, and upon all information and belief, the defendant ENGLISH BROS. FUNERAL HOME INC. fraudulently forged documents or caused them to be forced in order to allow defendant MICHAEL MASTROMARINO to harvest parts from the bodily remains of Elizabeth Rourke.

41.    That on or about July 30, 2003, and upon all information and belief, the defendant ENGLISH BROS. FUNERAL HOME INC. fraudulently forged documents or caused them to be forged in order to allow defendant JOSEPH NICELLI to harvest parts from the bodily remains of Elizabeth Rourke.

42.    That on October 16, 2005, plaintiff JOE ENRIGHT was notified by the Police Department of the City of New York concerning the actions of the defendants complained of herein.

43.    The above mentioned occurrences and the results thereof were due to and caused by the intentional, malicious, tortuous, fraudulent unlawful acts and gross negligence of these defendants, their agents, servants, employees and/or licensees, in causing and or permitting portions of the body of Elizabeth Rourke to be unlawfully removed without the consent or authorization of the plaintiff; in

unlawfully harvesting and removing parts from the body of the decedent Elizabeth Rourke in violation

of plaintiff's contract with the defendant ENGLISH BROS. FUNERAL HOME INC. and defendants

MICHAEL MASTROMARINO and JOSEPH NICELLI; in unlawfully, willfully, wrongfully and

intentionally violating the rules, regulations, statutes, ordinances and laws of the city and state of New

York and the United States Government regarding the conduct and obligations pertaining to the

operation of funeral homes, the handling and disposition of human remains, and in otherwise acting

carelessly, negligently and fraudulently in the premises.

     44.    That no action on the part of this plaintiff contributed to the foregoing in any manner

whatsoever nor did plaintiff JOE ENRIGHT consent to the actions complained of.

     45.    That by reason of the aforesaid, the plaintiff JOE ENRIGHT was caused to sustain

severe pain, suffering, emotional distress, shock and mental anguish which is ongoing and permanent.

     46.    That the actions of the defendants were reckless and in conscious disregard to the

dignity of the decedent and the plaintiff herein.

     47.    That by reason of the foregoing this plaintiff has sustained damages both compensatory

and punitive in amounts exceeding the jurisdictional limits of all lower courts.

AS AND FOR A SECOND CAUSE OF ACTION<br>ON BEHALF OF JOE ENRIGHT

     48.    The plaintiff JOE ENRIGHT repeats, realleges, and reiterates each and every allegation

contained in this complaint numbered "1" through "46" inclusive, with the same force and effect as if

set forth more fully at length herein.

     49.    That on or about July 30, 2003, and at all times hereinafter mentioned, and upon

information and belief, the defendant ENGLISH BROS. FUNERAL HOME INC. entered into a

contract with the plaintiff to perform burial services including cremation for decedent Elizabeth

Rourke.

50.    That on or about July 30, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant ENGLISH BROS. FUNERAL HOME INC. breached its contract with plaintiff JOE ENRIGHT by failing to render the services called for and by desecrating the mortal remains of Elizabeth Rourke as outlined above.

51.    As a direct result of defendants' acts and omissions as described herein, plaintiff was caused, and shall in the future be caused, to suffer severe personal injuries, pain and suffering, severe emotional distress and harm and other damages.

52.    By reason of the above actions of defendants, the plaintiff JOE ENRIGHT has sustained damages both compensatory and punitive in amounts exceeding the jurisdictional limits of all lower courts.

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF JOE ENRIGHT

53.    The plaintiff JOE ENRIGHT repeats, realleges, and reiterates each and every allegation contained in this complaint numbered "1" through "51" inclusive, with the same force and effect as if set forth more fully at length herein.

54.    Defendants' acts and omissions demonstrated conduct that can be deemed extreme, outrageous and unnecessarily reckless in a deliberate intent to cause plaintiff significant emotional distress, or that can be deemed to be a willful and wanton disregard of the facts that such emotional distress could and should be expected.

55.    As a direct result of defendants' acts and omissions as described herein, plaintiff was caused, and shall in the future be caused, to suffer severe personal injuries, pain and suffering, severe emotional distress and harm and other damages.

56.     By reason of the above actions of defendants, the plaintiff JOE ENRIGHT has

sustained damages both compensatory and punitive in amounts exceeding the jurisdictional limits of all

lower courts.

### AS AND FOR A FOURTH CAUSE OF ACTION
### ON BEHALF OF JOE ENRIGHT

57.     The plaintiff JOE ENRIGHT repeats, realleges, and reiterates each and every allegation

contained in this complaint numbered "1" through "55" inclusive, with the same force and effect as if

set forth more fully at length herein.

58.     Defendants acts and omissions demonstrated conduct that was negligent, and this

negligence caused plaintiff severe emotional distress given the nature of the harm caused as described in

this complaint.

59.     As a direct result of defendants' acts and omissions as described herein, plaintiff was

caused, and shall in the future be caused, to suffer severe pain and suffering, severe emotional distress

and harm, and other damages.

60.     By reason of the above actions of the defendants, plaintiff has sustained damages in an

amount in excess of the jurisdictional limits of all lower courts.

### AS AND FOR A FIFTH CAUSE OF ACTION
### ON BEHALF OF JOE ENRIGHT

61.     The plaintiff JOE ENRIGHT repeats, realleges, and reiterates each and every allegation

contained in this complaint numbered "1" through "59" inclusive, with the same force and effect as if

set forth more fully at length herein.

62.     That at all times herein mentioned, plaintiff JOE ENRIGHT entrusted the remains of

his beloved spouse Elizabeth Rourke to defendants for the purpose of dignified and lawful disposition.

63. That defendants, without consent and in violation of their duty to plaintiff, converted his wife's remains for their own personal gain.

64. That decedent's remains have been disposed of and are not capable of being returned to plaintiff.

65. As a direct result of defendants' acts and omissions as described herein, plaintiff was caused, and shall in the future be caused, to suffer severe pain and suffering, severe emotional distress and harm, and other damages.

66. By reason of the above actions of the defendants, plaintiff has sustained damages in an amount in excess of the jurisdictional limits of all lower courts.

## AS AND FOR A SIXTH CAUSE OF ACTION
## ON BEHALF OF JOE ENRIGHT

67. The plaintiff JOE ENRIGHT repeats, realleges, and reiterates each and every allegation contained in this complaint numbered "1" through "65" inclusive, with the same force and effect as if set forth more fully at length herein.

68. That the actions of the defendants described herein interfered with the right of the plaintiff to dispose of his wife's remains in a manner consistent with his religious beliefs and personal wishes.

69. That because of the actions of the defendants, plaintiff was caused to and continues to experience extreme mental distress and loss.

70. By reason of the above actions of the defendants, plaintiff has sustained damages in an amount in excess of the jurisdictional limits of all lower courts.

AS AND FOR A SEVENTH CAUSE OF ACTION
ON BEHALF OF JOE ENRIGHT

71.     The plaintiff JOE ENRIGHT repeats, realleges, and reiterates each and every allegation contained in this complaint numbered "1" through "69" inclusive, with the same force and effect as if set forth more fully at length herein.

72.     That because of the aforementioned, defendants have been unjustly enriched to plaintiff's detriment.

73.     That because of the actions of the defendants, plaintiff was caused to and continues to experience extreme mental distress and loss.

74.     By reason of the above actions of the defendants, plaintiff has sustained damages in an amount in excess of the jurisdictional limits of all lower courts.

AS AND FOR AN EIGHTH CAUSE OF ACTION
ON BEHALF OF JOE ENRIGHT

75.     The plaintiff JOE ENRIGHT repeats, realleges, and reiterates each and every allegation contained in this complaint numbered "1" through "73" inclusive, with the same force and effect as if set forth more fully at length herein.

76.     Defendants represented to plaintiff that they would handle the remains of his deceased wife with dignity, in accordance with plaintiff's wishes and religious beliefs and in accordance with all State and Federal statutes and regulations.

77.     At all times relevant, defendants' representations were made with the intent to induce plaintiff to rely on them.

78.     At all times relevant, plaintiff was unaware of the falsity or misleading nature of defendants' representations, acted in reliance on the truth of the representations, and was justified in doing so.

79.     That at no time was plaintiff aware or should he have been aware of defendants' intention to desecrate the remains and memory of his deceased spouse.

80.     As a direct and proximate result of the fraudulent and misleading conduct described above, plaintiff was caused, and shall in the future be caused, to suffer severe personal injuries, pain and suffering, severe emotional distress and harm and other damages.

81.     By reason of the above actions of the defendants, plaintiff has sustained damages in an amount in excess of the jurisdictional limits of all lower courts.

WHEREFORE, plaintiff JOE ENRIGHT demands judgment against the defendants in an amount exceeding the jurisdictional limits of all lower Courts on the First Cause of Action, in an amount exceeding the jurisdictional limits of all lower Courts on the Second Cause of Action, in an amount exceeding the jurisdictional limits of all lower Courts on the Third Cause of First of Action, in an amount exceeding the jurisdictional limits of all lower Courts on the Fourth Cause of Action, in an amount exceeding the jurisdictional limits of all lower Courts on the Fifth Cause of Action, in an amount exceeding the jurisdictional limits of all lower Courts on the Sixth Cause of Action, in an amount exceeding the jurisdictional limits of all lower Courts on the Seventh Cause of Action, and in an amount exceeding the jurisdictional limits of all lower Courts on the Eighth Cause of Action, together with punitive damages along with the costs and disbursements of this action.

Dated: New York, New York
        October 13, 2006

                                    Yours, etc.

                                    O'DWYER & BERNSTIEN, LLP

                        By:         _____
                                    CHRISTOPHER DOWNES
                                    Attorneys for Plaintiff
                                    52 Duane Street, 5th Floor
                                    New York, New York 10007
                                    (212) 571-7100