# Exhibit D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS:
------------------------------------X
VITO BRUNO, as Administrator of the Estate
of MICHAEL BRUNO, and VITO BRUNO
Individually,

                  Plaintiff,

-against-

ENGLISH BROTHERS FUNERAL HOME, BIOMEDICAL
TISSUE SERVICES, LTD., MICHAEL
MASTROMARINO and JOSEPH NICELLI,

                  Defendants.
------------------------------------X

COMPLAINT

Index No.:

      Plaintiff, by his attorneys, RUBENSTEIN & RYNECKI, complaining of the defendants herein, upon information and belief, respectfully shows to this Court, and alleges as follows:

      1.    That at all times hereinafter mentioned, the plaintiff was and still is a resident of the County of Kings, City and State of New York.

      2.    That on or about May 22, 2003, and at all times hereinafter mentioned, defendant ENGLISH BROTHERS FUNERAL HOME was and is a corporation duly organized and existing under and by virtue of the laws of the State of New York.

      3.    That on or about May 22, 2003, and at all times hereinafter mentioned, defendant ENGLISH BROTHERS FUNERAL HOME was and is a business entity duly organized and existing under and by virtue of the laws of the State of New York.

      4.    That on or about May 22, 2003, and at all times hereinafter mentioned, defendant ENGLISH BROTHERS FUNERAL HOME was and is a corporation and/or business entity duly licensed to transact business in the State of New York.

5. That on or about May 22, 2003, and at all times hereinafter mentioned, defendant ENGLISH BROTHERS FUNERAL HOME conducted business and maintained offices within the State of New York.

6. That on or about May 22, 2003, and at all times hereinafter mentioned, defendant ENGLISH BROTHERS FUNERAL HOME was and still is a foreign corporation, duly authorized to do business in the State of New York.

7. That on or about May 22, 2003, and at all times hereinafter mentioned, defendant ENGLISH BROTHERS FUNERAL HOME maintained its principal place of business within the State of New York.

8. That on or about May 22, 2003, and at all times hereinafter mentioned, defendant ENGLISH BROTHERS FUNERAL HOME committed a tortious act within the State of New York.

9. That on or about May 22, 2003, and at all times hereinafter mentioned, defendant ENGLISH BROTHERS FUNERAL HOME regularly does, or solicits, business in the State of New York.

10. That on or about May 22, 2003, and at all times hereinafter mentioned, defendant ENGLISH BROTHERS FUNERAL HOME received substantial revenue from goods used or consumed, or services rendered, in the State of New York.

11. That on or about May 22, 2003, and at all times hereinafter mentioned, defendant BIOMEDICAL TISSUE SERVICES, LTD. was and is a corporation duly organized and existing under and by virtue of the laws of the State of New York.

12. That on or about May 22, 2003, and at all times

hereinafter mentioned, defendant BIOMEDICAL TISSUE SERVICES, LTD. was and is a business entity duly organized and existing under and by virtue of the laws of the State of New York.

13. That on or about May 22, 2003, and at all times hereinafter mentioned, defendant BIOMEDICAL TISSUE SERVICES, LTD. was and is a corporation and/or business entity duly licensed to transact business in the State of New York.

14. That on or about May 22, 2003, and at all times hereinafter mentioned, defendant BIOMEDICAL TISSUE SERVICES, LTD. conducted business and maintained offices within the State of New York.

15. That on or about May 22, 2003, and at all times hereinafter mentioned, defendant BIOMEDICAL TISSUE SERVICES, LTD. was and still is a foreign corporation, duly authorized to do business in the State of New York.

16. That on or about May 22, 2003, and at all times hereinafter mentioned, defendant BIOMEDICAL TISSUE SERVICES, LTD. maintained its principal place of business within the State of New York.

17. That on or about May 22, 2003, and at all times hereinafter mentioned, defendant BIOMEDICAL TISSUE SERVICES, LTD. committed a tortious act within the State of New York.

18. That on or about May 22, 2003, and at all times hereinafter mentioned, defendant BIOMEDICAL TISSUE SERVICES, LTD. regularly does, or solicits, business in the State of New York.

19. That on or about May 22, 2003, and at all times hereinafter mentioned, defendant BIOMEDICAL TISSUE SERVICES, LTD.

received substantial revenue from goods used or consumed, or services rendered, in the State of New York.

20. That on or about May 22, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant ENGLISH BROTHERS FUNERAL HOME owned a funeral home located at 2203 Avenue Z, County of Kings, City and State of New York.

21. That on or about May 22, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant ENGLISH BROTHERS FUNERAL HOME operated the aforesaid funeral home.

22. That on or about May 22, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant ENGLISH BROTHERS FUNERAL HOME maintained the aforesaid funeral home.

23. That on or about May 22, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant ENGLISH BROTHERS FUNERAL HOME controlled the aforesaid funeral home.

24. That on or about May 22, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant ENGLISH BROTHERS FUNERAL HOME managed the aforesaid funeral home.

25. That on or about May 22, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant ENGLISH BROTHERS FUNERAL HOME supervised the aforesaid funeral home.

26. That on or about May 22, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant ENGLISH BROTHERS FUNERAL HOME inspected the aforesaid funeral home.

27. That on or about May 22, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant BIOMEDICAL TISSUE SERVICES, LTD. was in the business of selling bone, fat, skin, ligaments and other body parts to tissue processors for a wide variety of transplants and a wide variety of orthopaedic procedures.

28. That on or about May 22, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant MICHAEL MASTRAMARINO owned BIOMEDICAL TISSUE SERVICES, LTD.

29. That on or about May 22, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant MICHAEL MASTRAMARINO operated BIOMEDICAL TISSUE SERVICES, LTD.

30. That on or about May 22, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant MICHAEL MASTRAMARINO maintained BIOMEDICAL TISSUE SERVICES, LTD.

31. That on or about May 22, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant MICHAEL MASTRAMARINO controlled BIOMEDICAL TISSUE SERVICES, LTD.

32. That on or about May 22, 2003, and at all times

hereinafter mentioned, and upon information and belief, the defendant MICHAEL MASTRAMARINO managed BIOMEDICAL TISSUE SERVICES, LTD.

33. That on or about May 22, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant MICHAEL MASTRAMARINO supervised BIOMEDICAL TISSUE SERVICES, LTD.

34. That on or about May 22, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant MICHAEL MASTRAMARINO performed harvesting procedures on corpses for BIOMEDICAL TISSUE SERVICES, LTD.

35. That on or about May 22, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant ENGLISH BROTHERS FUNERAL HOME entered into a contract with BIOMEDICAL TISSUE SERVICES, LTD. for the harvesting of corpses at said funeral home.

36. That on or about May 22, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant JOSEPH NICELLI was an embalmer.

37. That on or about May 22, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant JOSEPH NICELLI was employed/affiliated or performed embalming for defendant ENGLISH BROTHERS FUNERAL HOME.

38. That on or about May 22, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant JOSEPH NICELLI was employed/affiliated or performed embalming for defendant BIOMEDICAL TISSUE SERVICES, LTD.

39. That on or about May 22, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant JOSEPH NICELLI performed harvesting procedures for defendant BIOMEDICAL TISSUE SERVICES, LTD., ENGLISH BROTHERS FUNERAL HOME, and MICHAEL MASTRAMARINO.

40. That on or about May 22, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant ENGLISH BROTHERS FUNERAL HOME entered into a contract with BIOMEDICAL TISSUE SERVICES, LTD. for the harvesting of corpses at said funeral home.

41. That on or about May 22, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant ENGLISH BROTHERS FUNERAL HOME entered into a contract with defendant JOSEPH NICELLI for the harvesting of corpses at said funeral home.

42. That on or about May 22, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant MICHAEL MASTRAMARINO did in fact perform harvesting procedures at ENGLISH BROTHERS FUNERAL HOME, funeral home.

43. That on or about May 22, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant BIOMEDICAL TISSUE SERVICES, LTD. did in fact perform harvesting procedures on decedent MICHAEL BRUNO at defendant ENGLISH BROTHERS FUNERAL HOME, funeral home.

44. That on or about May 22, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant JOSEPH NICELLI did in fact perform harvesting procedures

at ENGLISH BROTHERS FUNERAL HOME, funeral home on decedent MICHAEL BRUNO.

45. That on or about May 22, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant MICHAEL MASTRAMARINO did in fact perform harvesting procedures on decedent MICHAEL BRUNO at defendant ENGLISH BROTHERS FUNERAL HOME's, funeral home.

46. That on or about May 22, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant JOSEPH NICELLI did in fact perform harvesting procedures on decedent MICHAEL BRUNO at defendant ENGLISH BROTHERS FUNERAL HOME's, funeral home.

47. That on or about May 22, 2003, and at all times hereinafter mentioned, and upon information and belief, said harvesting procedure was performed on decedent MICHAEL BRUNO's body without the authorization of decedent MICHAEL BRUNO's family.

48. That on or about May 22, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant ENGLISH BROTHERS FUNERAL HOME forged documents in order to allow defendant BIOMEDICAL TISSUE SERVICES, LTD. to harvest said corpses.

49. That on or about May 22, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant ENGLISH BROTHERS FUNERAL HOME forged documents in order to allow defendant MICHAEL MASTRAMARINO to harvest said corpses.

50. That on or about May 22, 2003, and at all times hereinafter mentioned, and upon information and belief, the

defendant ENGLISH BROTHERS FUNERAL HOME forged documents in order to allow defendant JOSEPH NICELLI to harvest said corpses.

51. The above mentioned occurrence and the results thereof were caused by the acts, negligence, negligent acts and negligent intentional acts of defendants ENGLISH BROTHERS FUNERAL HOME, BIOMEDICAL TISSUE SERVICES, LTD., MICHAEL MASTROMARINO and JOSEPH NICELLI and/or said defendants' servants, agents, employees and/or licensees in the ownership, operation, management, maintenance, control, supervision and inspection of the aforesaid funeral home and BIOMEDICAL TISSUE SERVICES, LTD.; in causing, allowing and permitting bodies, skeletons, skin, tissue, bones and/or other body parts at the above mentioned place to be removed without the authorization and/or consent of the decedents' family; in causing, allowing and permitting the unauthorized removal of body parts, tissue and/or bones to take place at said location; in defendant BIOMEDICAL TISSUE SERVICES, LTD., MICHAEL MASTROMARINO and JOSEPH NICELLI improperly removing tissues, bones, and other body parts from the decedent without proper authorization; in the failure of BIOMEDICAL TISSUE SERVICES, LTD. to properly examine records and or obtain and implement proper safeguards; in causing, allowing and/or permitting said funeral home to be used for unintended purposes; in causing, allowing and permitting the existence of a condition at said funeral home which was unlawful and against the wishes of the decedents' family; in failing to have taken necessary steps and measures to have prevented the above mentioned funeral home from being used for said unlawful and unintended purposes; in failing to give decedent's family adequate

and timely signal, notice or warning of said unlawful and unintended uses of decedent's body; for the negligence of defendants ENGLISH BROTHERS FUNERAL HOME, BIOMEDICAL TISSUE SERVICES, LTD., MICHAEL MASTROMARINO and JOSEPH NICELLI in not obtaining the proper authorization and consent of the decedent's family for said unlawful and unintended uses of decedent's body; in negligently causing emotional trauma to members of decedent's family; in causing shock and trauma to decedent's family; in the unauthorized use and sale, for profit, the parts of the decedent's body resulting in emotional distress to the family of the decedent; in failing to take suitable and proper precautions for the care of the decedent's body; in failing to perform the proper burial, as contracted for, and in being otherwise negligent and careless.

52. That no negligence on the part of the plaintiff VITO BRUNO contributed to the occurrence alleged herein in any manner whatsoever.

53. That because of the above stated negligence, plaintiff VITO BRUNO was caused to sustain serious emotional distress, pain, shock, mental anguish; that these injuries and their effects will be permanent; as a result of said injuries plaintiff VITO BRUNO was caused suffer and will continue to suffer severe emotional distress;

54. This action falls within one or more of the exceptions set forth in CPLR §1602.

55. That as result of the defendants' negligence as aforesaid, this plaintiff, VITO BRUNO, sustained damages in an amount exceeding the jurisdictional limits of all the lower Courts.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF VITO BRUNO FOR BREACH OF CONTRACT

56. The plaintiff VITO BRUNO repeats, realleges, and reiterates each and every allegation contained in this complaint numbered "1" through "55" inclusive, with the same force and effect as if set forth more fully at length herein.

57. That on or about May 22, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant ENGLISH BROTHERS FUNERAL HOME entered into a contract for the proper burial/cremation services for decedent MICHAEL BRUNO.

58. That on or about May 22, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant ENGLISH BROTHERS' FUNERAL HOME through their actions, breached their contract with plaintiff VITO BRUNO by not performing the proper burial/cremation services as contracted for decedent MICHAEL BRUNO.

59. By reason of the above actions of defendants, the plaintiff, VITO BRUNO, has sustained damages both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF VITO BRUNO FOR PUNITIVE DAMAGES

60. The plaintiff VITO BRUNO repeats, realleges, and reiterates each and every allegation contained in this complaint numbered "1" through "59" inclusive, with the same force and effect as if set forth more fully at length herein.

61. The actions of the defendants, hereinabove alleged, were malicious, willful and grossly negligent.

62. At all times hereinafter mentioned, defendants ENGLISH BROTHERS FUNERAL HOME and BIOMEDICAL TISSUE SERVICES, LTD., ratified the actions of defendants MICHAEL MASTROMARINO and JOSEPH NICELLI.

63. By reason of the above actions of defendants, the plaintiff, VITO BRUNO, has sustained damages both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts.

WHEREFORE, plaintiff, VITO BRUNO demands judgment in an amount exceeding the jurisdictional limits of all the lower Courts on the First Cause of Action; plaintiff, VITO BRUNO demands judgment in an amount exceeding the jurisdictional limits of all the lower Courts on the Second Cause of Action; plaintiff, VITO BRUNO demands judgment in an amount exceeding the jurisdictional limits of all the lower Courts on the Third Cause of Action; together with attorneys' fees and the costs and disbursements of this action.

DATED: Brooklyn, New York
October 17, 2005

Yours, etc.

BY: Sanford A. Rubenstein, Esq.
RUBENSTEIN & RYNECKI
Attorneys for Plaintiffs
16 Court Street Suite 1717
Brooklyn, New York 11241
(718) 522-1020

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK   )
                    ) SS:
COUNTY OF KINGS     )

      VITO BRUNO being duly sworn, deposes and says, that deponent is the plaintiff in the within action; that deponent has read the foregoing COMPLAINT and knows the contents hereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes them to be true.

X _____
      VITO BRUNO

Sworn to before me this 17th day of Oct, 2005

_____
NOTARY PUBLIC
ANNA M. PIERRE
Notary Public, State of New York
No. 01PI6113551
Qualified in Kings County
Commission Expires August 02, 2008

RUBENSTEIN & RYNECKI ESQS.

---

| Index No. | Year |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

VITO BRUNO, as Administrator of the
Estate of MICHAEL BRUNO, and VITO BRUNO
Individually,

Plaintiff,

-against-

ENGLISH BROTHERS FUNERAL HOME,
BIOMEDICAL TISSUE SERVICES, LTD., MICHAEL
MASTROMARINO and JOSEPH NICELLI,

Defendants.

---

## AFFIDAVIT OF SERVICE

Signature (Rule 130-1.1-a)

Print name beneath

---

RUBENSTEIN & RYNECKI ESQS.
Attorneys for
Office and Post Office Address, Telephone
16 COURT ST.
BROOKLYN, N.Y. 11241
(718) 522-1020

To
Attorney(s) for

Service of a copy of the within
is hereby admitted.

Dated,

Attorney(s) for

---

## NOTICE OF ENTRY

PLEASE take notice that the within is a (certified)
true copy of a
duly entered in the office of the clerk of the within
named court on

Dated,

Yours, etc.

RUBENSTEIN & RYNECKI ESQS.
Attorneys for
Office and Post Office Address
16 COURT ST.
BROOKLYN, N.Y. 11241

To
Attorney(s) for

---

## NOTICE OF SETTLEMENT

PLEASE take notice that an order
of which the within is a true copy will be presented
for settlement to the Hon.
one of the judges of the within named Court, at

on
at      M.
Dated,

Yours, etc.

RUBENSTEIN & RYNECKI ESQS.
Attorneys for
Office and Post Office Address
16 COURT ST.
BROOKLYN, N.Y. 11241

To
Attorney(s) for