# Exhibit E

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Index #33691-2005
Date of filing: 11/2/05
Plaintiffs designate Kings County as the place of trial

Basis of the venue is Plaintiff's residence

MATTIE KOGUT, as Administrator of the Estate of DANETTE KOGUT, and MATTIE KOGUT Individually,

Plaintiffs,

-against-

**SUMMONS**

ENGLISH BROTHERS FUNERAL HOME, BIOMEDICAL TISSUE SERVICES, LTD., MICHAEL MASTROMARINO and JOSEPH NICELLI,

Defendants.

Plaintiffs reside at
2533 Batchelder Street
Apt 5G,
Brooklyn, New York 112
County of Kings

**TO THE ABOVE NAMED DEFENDANTS:**

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

**Defendants' addresses:**
ENGLISH BROTHERS FUNERAL HOME
2203 Avenue Z
Brooklyn, New York 11235

BIOMEDICAL TISSUE SERVICES, LTD.
2125 Center Avenue
Fort Lee, New Jersey

MICHAEL MASTROMARINO
8 Buchingham Road,
Fort Lee, New Jersey

JOSEPH NICELLI
29 Clifton Avenue
Staten Island, New York 10305

**Plaintiffs' attorneys:**
RUBENSTEIN & RYNECKI
16 Court Street, Suite 1717
Brooklyn, New York 11241
(718)522-1020

RECEIVED
05 NOV -2 AM 11:24
KINGS COUNTY
CLERK'S OFFICE

Dated: Brooklyn, New York
November 1, 2005

Kings County Clerk's Office
Paym 1175665 11/02/2005 11:26a

| | |
|---|---|
| Tr.1359754 | $210.00 |
| Other 33691/2005 KOGUT, MATTIE | ADMIN. |
| | $210.00 |
| Total: | $210.00 |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------X

MATTIE KOGUT, as Administratrix of the Estate of DANETTE KOGUT, and MATTIE KOGUT Individually,

Plaintiffs,

-against-

ENGLISH BROTHERS FUNERAL HOME, BIOMEDICAL TISSUE SERVICES, LTD., MICHAEL MASTROMARINO and JOSEPH NICELLI,

Defendants.

-------------------------------------X

**COMPLAINT**

Index No.:

Plaintiff, by her attorneys, RUBENSTEIN & RYNECKI, complaining of the defendants herein, upon information and belief, respectfully shows to this Court, and alleges as follows:

1. That, at all times hereinafter mentioned, the plaintiff was and still is a resident of the County of Kings, City and State of New York.

2. That on or about February 21, 2003, and at all times hereinafter mentioned, defendant ENGLISH BROTHERS FUNERAL HOME was and is a corporation duly organized and existing under and by virtue of the laws of the State of New York.

3. That on or about February 21, 2003, and at all times hereinafter mentioned, defendant ENGLISH BROTHERS FUNERAL HOME was and is a business entity duly organized and existing under and by virtue of the laws of the State of New York.

4. That on or about February 21, 2003, and at all times hereinafter mentioned, defendant ENGLISH BROTHERS FUNERAL HOME was and is a corporation and/or business entity duly licensed to transact business in the State of New York.

5. That on or about February 21, 2003, and at all times hereinafter mentioned, defendant ENGLISH BROTHERS FUNERAL HOME conducted business and maintained offices within the State of New York.

6. That on or about February 21, 2003, and at all times hereinafter mentioned, defendant ENGLISH BROTHERS FUNERAL HOME was and still is a foreign corporation, duly authorized to do business in the State of New York.

7. That on or about February 21, 2003, and at all times hereinafter mentioned, defendant ENGLISH BROTHERS FUNERAL HOME maintained its principal place of business within the State of New York.

8. That on or about February 21, 2003, and at all times hereinafter mentioned, defendant ENGLISH BROTHERS FUNERAL HOME committed a tortious act within the State of New York.

9. That on or about February 21, 2003, and at all times hereinafter mentioned, defendant ENGLISH BROTHERS FUNERAL HOME regularly does, or solicits, business in the State of New York.

10. That on or about February 21, 2003, and at all times hereinafter mentioned, defendant ENGLISH BROTHERS FUNERAL HOME

received substantial revenue from goods used or consumed, or services rendered, in the State of New York.

11. That on or about February 21, 2003, and at all times hereinafter mentioned, defendant BIOMEDICAL TISSUE SERVICES, LTD. was and is a corporation duly organized and existing under and by virtue of the laws of the State of New York.

12. That on or about February 21, 2003, and at all times hereinafter mentioned, defendant BIOMEDICAL TISSUE SERVICES, LTD. was and is a business entity duly organized and existing under and by virtue of the laws of the State of New York.

13. That on or about February 21, 2003, and at all times hereinafter mentioned, defendant BIOMEDICAL TISSUE SERVICES, LTD. was and is a corporation and/or business entity duly licensed to transact business in the State of New York.

14. That on or about February 21, 2003, and at all times hereinafter mentioned, defendant BIOMEDICAL TISSUE SERVICES, LTD. conducted business and maintained offices within the State of New York.

15. That on or about February 21, 2003, and at all times hereinafter mentioned, defendant BIOMEDICAL TISSUE SERVICES, LTD. was and still is a foreign corporation, duly authorized to do business in the State of New York.

16. That on or about February 21, 2003, and at all times hereinafter mentioned, defendant BIOMEDICAL TISSUE SERVICES, LTD.

maintained its principal place of business within the State of New York.

17. That on or about February 21, 2003, and at all times hereinafter mentioned, defendant BIOMEDICAL TISSUE SERVICES, LTD. committed a tortious act within the State of New York.

18. That on or about February 21, 2003, and at all times hereinafter mentioned, defendant BIOMEDICAL TISSUE SERVICES, LTD. regularly does, or solicits, business in the State of New York.

19. That on or about February 21, 2003, and at all times hereinafter mentioned, defendant BIOMEDICAL TISSUE SERVICES, LTD. received substantial revenue from goods used or consumed, or services rendered, in the State of New York.

20. That on or about February 21, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant ENGLISH BROTHERS FUNERAL HOME owned a funeral home located at 2203 Avenue Z, County of Kings, City and State of New York.

21. That on or about February 21, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant ENGLISH BROTHERS FUNERAL HOME operated the aforesaid funeral home.

22. That on or about February 21, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant ENGLISH BROTHERS FUNERAL HOME maintained the aforesaid

funeral home.

23. That on or about February 21, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant ENGLISH BROTHERS FUNERAL HOME controlled the aforesaid funeral home.

24. That on or about February 21, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant ENGLISH BROTHERS FUNERAL HOME managed the aforesaid funeral home.

25. That on or about February 21, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant ENGLISH BROTHERS FUNERAL HOME supervised the aforesaid funeral home.

26. That on or about February 21, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant ENGLISH BROTHERS FUNERAL HOME inspected the aforesaid funeral home.

27. That on or about February 21, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant BIOMEDICAL TISSUE SERVICES, LTD. was in the business of selling bone, fat, skin, ligaments and other body parts to tissue processors for a wide variety of transplants and a wide variety of medical procedures.

28. That on or about February 21, 2003, and at all times

hereinafter mentioned, and upon information and belief, the defendant MICHAEL MASTRAMARINO owned BIOMEDICAL TISSUE SERVICES, LTD.

29. That on or about February 21, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant MICHAEL MASTRAMARINO operated BIOMEDICAL TISSUE SERVICES, LTD.

30. That on or about February 21, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant MICHAEL MASTRAMARINO maintained BIOMEDICAL TISSUE SERVICES, LTD.

31. That on or about February 21, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant MICHAEL MASTRAMARINO controlled BIOMEDICAL TISSUE SERVICES, LTD.

32. That on or about February 21, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant MICHAEL MASTRAMARINO managed BIOMEDICAL TISSUE SERVICES, LTD.

33. That on or about February 21, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant MICHAEL MASTRAMARINO supervised BIOMEDICAL TISSUE SERVICES, LTD.

34. That on or about February 21, 2003, and at all times

hereinafter mentioned, and upon information and belief, the defendant MICHAEL MASTRAMARINO performed harvesting procedures on corpses for BIOMEDICAL TISSUE SERVICES, LTD.

35. That on or about February 21, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant ENGLISH BROTHERS FUNERAL HOME entered into a contract with BIOMEDICAL TISSUE SERVICES, LTD. for the harvesting of corpses at said funeral home.

36. That on or about February 21, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant JOSEPH NICELLI was an embalmer.

37. That on or about February 21, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant JOSEPH NICELLI was employed/affiliated or performed embalming for defendant ENGLISH BROTHERS FUNERAL HOME.

38. That on or about February 21, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant JOSEPH NICELLI was employed/affiliated or performed embalming for defendant BIOMEDICAL TISSUE SERVICES, LTD.

39. That on or about February 21, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant JOSEPH NICELLI performed harvesting procedures for defendants BIOMEDICAL TISSUE SERVICES, LTD., ENGLISH BROTHERS FUNERAL HOME, and MICHAEL MASTRAMARINO.

40. That on or about February 21, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant ENGLISH BROTHERS FUNERAL HOME entered into a contract with BIOMEDICAL TISSUE SERVICES, LTD. for the harvesting of corpses at said funeral home.

41. That on or about February 21, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant ENGLISH BROTHERS FUNERAL HOME entered into a contract with defendant JOSEPH NICELLI for the harvesting of corpses at said funeral home.

42. That on or about February 21, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant MICHAEL MASTRAMARINO did in fact perform harvesting procedures at ENGLISH BROTHERS FUNERAL HOME, funeral home.

43. That on or about February 21, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant BIOMEDICAL TISSUE SERVICES, LTD. did in fact perform harvesting procedures on decedent DANETTE KOGUT at defendant, ENGLISH BROTHERS FUNERAL HOME, funeral home.

44. That on or about February 21, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant JOSEPH NICELLI did in fact perform harvesting procedures at ENGLISH BROTHERS FUNERAL HOME, funeral home on decedent DANETTE KOGUT.

45. That on or about February 21, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant MICHAEL MASTRAMARINO did in fact perform harvesting procedures on decedent DANETTE KOGUT at defendant, ENGLISH BROTHERS FUNERAL HOME's, funeral home.

46. That on or about February 21, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant JOSEPH NICELLI did in fact perform harvesting procedures on decedent DANETTE KOGUT at defendant, ENGLISH BROTHERS FUNERAL HOME's, funeral home.

47. That on or about February 21, 2003, and at all times hereinafter mentioned, and upon information and belief, said harvesting procedure was performed on decedent DANETTE KOGUT's body without the authorization of decedent DANETTE KOGUT'S family.

48. That on or about February 21, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant ENGLISH BROTHERS FUNERAL HOME forged documents in order to allow defendant BIOMEDICAL TISSUE SERVICES, LTD. to harvest said corpses.

49. That on or about February 21, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant ENGLISH BROTHERS FUNERAL HOME forged documents in order to allow defendant MICHAEL MASTRAMARINO to harvest said corpses.

50. That on or about February 21, 2003, and at all times

hereinafter mentioned, and upon information and belief, the defendant ENGLISH BROTHERS FUNERAL HOME forged documents in order to allow defendant JOSEPH NICELLI to harvest said corpses.

51.  The above mentioned occurrence and the results thereof were caused by the acts, negligence, negligent acts and negligent intentional acts of defendants ENGLISH BROTHERS FUNERAL HOME, BIOMEDICAL TISSUE SERVICES, LTD., MICHAEL MASTROMARINO and JOSEPH NICELLI and/or said defendants' servants, agents, employees and/or licensees in the ownership, operation, management, maintenance, control, supervision and inspection of the aforesaid funeral home and BIOMEDICAL TISSUE SERVICES, LTD.; in causing, allowing and permitting bodies, skeletons, skin, tissue, bones and/or other body parts at the above mentioned place to be removed without the authorization and/or consent of the decedents' family; in causing, allowing and permitting the unauthorized removal of body parts, tissue and/or bones to take place at said location; in defendant BIOMEDICAL TISSUE SERVICES, LTD., MICHAEL MASTROMARINO and JOSEPH NICELLI improperly removing tissues, bones, and other body parts from the decedent without proper authorization; in the failure of BIOMEDICAL TISSUE SERVICES, LTD. to properly examine records and or obtain and implement proper safeguards; in causing, allowing and/or permitting said funeral home to be used for unintended purposes; in causing, allowing and permitting the existence of a condition at said funeral home which was unlawful

and against the wishes of the decedents' family; in failing to have taken necessary steps and measures to have prevented the above mentioned funeral home from being used for said unlawful and unintended purposes; in failing to give decedent's family adequate and timely signal, notice or warning of said unlawful and unintended uses of decedent's body; for the negligence of defendants ENGLISH BROTHERS FUNERAL HOME, BIOMEDICAL TISSUE SERVICES, LTD., MICHAEL MASTROMARINO and JOSEPH NICELLI in not obtaining the proper authorization and consent of the decedent's family for said unlawful and unintended uses of decedent's body; in negligently causing emotional trauma to members of decedent's family; in causing shock and trauma to decedent's family; in the unauthorized use and sale, for profit, the parts of the decedent's body resulting in emotional distress to the family of the decedent; in failing to take suitable and proper precautions for the care of the decedent's body; in failing to perform the proper burial, as contracted for, and in being otherwise negligent and careless.

52. That no negligence on the part of the plaintiff MATTIE KOGUT contributed to the occurrence alleged herein in any manner whatsoever.

53. That because of the above stated negligence, plaintiff MATTIE KOGUT was caused to sustain serious emotional distress, pain, shock, mental anguish; that these injuries and their effects will be permanent; as a result of said injuries

plaintiff, MATTIE KOGUT, has sustained damages both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts.

**AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF MATTIE KOGUT FOR PUNITIVE DAMAGES**

60. The plaintiff MATTIE KOGUT repeats, realleges, and reiterates each and every allegation contained in this complaint numbered "1" through "59" inclusive, with the same force and effect as if set forth more fully at length herein.

61. The actions of the defendants, hereinabove alleged, were malicious, willful and grossly negligent.

62. At all times hereinafter mentioned, defendants ENGLISH BROTHERS FUNERAL HOME and BIOMEDICAL TISSUE SERVICES, LTD., ratified the actions of defendants MICHAEL MASTROMARINO and JOSEPH NICELLI.

63. By reason of the above actions of defendants, the plaintiff, MATTIE KOGUT, has sustained damages both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts.

WHEREFORE, plaintiff, MATTIE KOGUT, demands judgment in an amount exceeding the jurisdictional limits of all lower Courts on the First Cause of Action; plaintiff, MATTIE KOGUT, demands judgment in an amount exceeding the jurisdictional limits of all lower Courts on the Second Cause of action;, plaintiff, MATTIE

plaintiff MATTIE KOGUT was caused suffer and will continue to suffer severe emotional distress.

54. This action falls within one or more of the exceptions set forth in CPLR §1602.

55. That as result of the defendants' negligence as aforesaid, this plaintiff, MATTIE KOGUT, sustained damages in an amount exceeding the jurisdictional limits of all the lower Courts.

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF MATTIE KOGUT FOR BREACH OF CONTRACT**

56. The plaintiff MATTIE KOGUT repeats, realleges, and reiterates each and every allegation contained in this complaint numbered "1" through "55" inclusive, with the same force and effect as if set forth more fully at length herein.

57. That on or about February 21, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant ENGLISH BROTHERS FUNERAL HOME entered into a contract for the proper burial services for decedent DANETTE KOGUT.

58. That on or about February 21, 2003, and at all times hereinafter mentioned, and upon information and belief, the defendant ENGLISH BROTHERS FUNERAL HOME through their actions, breached their contract with plaintiff MATTIE KOGUT by not performing the proper burial/cremation services as contracted for decedent DANETTE KOGUT.

59. By reason of the above actions,of defendants, the

KOGUT, demands judgment in an amount exceeding the jurisdictional limits of all lower Courts on the Third Cause of Action; together with attorneys' fees and the costs and disbursements of this action.

DATED: Brooklyn, New York
       November 1, 2005

Yours, etc.,

BY: Sanford A. Rubenstein, Esq.
RUBENSTEIN & RYNECKI
Attorneys for Plaintiffs
16 Court Street, Suite 1717
Brooklyn, NY 11241
(718) 522-1020

INDIVIDUAL VERIFICATION

STATE OF NEW YORK )
) SS:
COUNTY OF KINGS )

MATTIE KOGUT, being duly sworn, deposes and says, that deponent is the plaintiff in the within action; that deponent has read the foregoing COMPLAINT and knows the contents hereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes them to be true.

MATTIE KOGUT

Sworn to before me this
2nd day of November 2005

NOTARY PUBLIC

ANNA M. PIERRE
Notary Public, State of New York
No. 01PI6113551
Qualified in Kings County
Commission Expires August 02, 2008

RUBENSTEIN & RYNECKI ESQS.

NOTICE OF ENTRY

PLEASE take notice that the within is a (certified) true copy of a duly entered in the office of the clerk of the within named court on

Dated,

Yours, etc.

RUBENSTEIN & RYNECKI ESQS.
*Attorneys for*
*Office and Post Office Address*
16 COURT ST.
BROOKLYN, N.Y. 11241

To

Attorney(s) for

NOTICE OF SETTLEMENT

PLEASE take notice that an order

of which the within is a true copy will be presented for settlement to the Hon.

one of the judges of the within named Court, at

on
at M.

Dated,

Yours, etc.

RUBENSTEIN & RYNECKI ESQS.
*Attorneys for*
*Office and Post Office Address*
16 COURT ST.
BROOKLYN, N.Y. 11241

To

Attorney(s) for

Index No. Year

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

MATTIE KOGUT, as administratrix of the ESTATE of DANETTE KOGUT, and MAGGIE KOGUT, individually,

Plaintiffs,

-against-

ENGLISH BROTHERS FUNERAL HOME, BIOMEDICAL TISSUE SERVICES, LTD., MICHAEL MASTROMARINO, and JOSEPH NICELLI,

Defendants.

Signature (Rule 130-1.1-a)

Print name beneath

SUMMONS AND VERIFIED COMPLAINT

RUBENSTEIN & RYNECKI ESQS.
*Attorneys for* Plaintiffs
*Office and Post Office Address, Telephone*
16 COURT ST.
BROOKLYN, N.Y. 11241
(718) 522-1020

To

Attorney(s) for

Service of a copy of the within is hereby admitted.

Dated,

Attorney(s) for

1500 - BlumbergExcelsior Inc., NYC 10013