UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SPECIALTY NATIONAL INSURANCE CO.,

      Plaintiff,

v.

ENGLISH BROTHERS FUNERAL HOME,

      Defendant.

No. 1:07-cv-07507 (SHS)

**ELECTRONICALLY FILED**

---

### AFFDAVIT OF FRANK RESTIVO IN OPPOSITION TO SPECIALTY NATIONAL INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF ENGLISH BROS. FUNERAL HOMES' CROSS-MOTION FOR SUMMARY JUDGMENT

STATE OF NEW YORK   )
COUNTY OF KINGS    )  ss:

I, Frank Restivo, being duly sworn, state:

1. At all relevant times, I was and have been the President of Frank Restivo Funeral Home, Inc. d/b/a English Bros. Funeral Home ("English Bros."). At all relevant times, I operated English Bros., a funeral home in Brooklyn.

2. English Bros. has been named as a defendant in several civil lawsuits alleging claims originating from a scheme to obtain and distribute body parts. All of these suits names multiple defendants, including several individuals who have pled guilty to criminal charges in connection with the scheme (or who have been indicted in connection with the scheme) and who have been or will be sentenced to prison terms for their participation in the scheme.

3. Aside from the individual participants in the scheme and the company created to carry out the scheme, other defendants in these actions include funeral homes (such as English Bros.) and the biomedical companies that allegedly bought and distributed human tissue from the participants in the scheme.

4. Neither I nor English Bros. was a participant in the scheme. I have not been charged, arrested, or indicted in connection with the scheme.

5. My belief is that English Bros. has been targeted as a defendant in several of the civil actions as a result of the fact that, at one time, English Bros. leased office space to Regional Funeral Service, whom I believe was owned by one of the individuals indicted in connection with the scheme, Joseph Nicelli. The lease did not include any other business relationship, and neither I nor English Bros. had any other business relationship with Regional Funeral Service or Nicelli.

6. As far as I am personally aware, for the periods at issue, English Bros. maintained five primary insurance liability policies: (a) a policy issued by Specialty National (Policy Number 3XZ17069400) for the period August 1, 2001 to August 1, 2002; (b) a policy issued by Specialty National (Policy Number 3XZ17069401) for the period August 1, 2002 to August 1, 2003; (c) a policy issued by Westport Insurance Corporation ("Westport") (Policy Number DCB10028) for the period August 1, 2003 to August 1, 2004; (d) a policy issued by Westport (Policy Number WIB104002834100) for the period August 1, 2004 to August 1, 2005; and (e) a policy issued by Westport (policy number unknown) for the period August 1, 2005 to August 1, 2006.

7. Both Westport and Specialty National have provided English Bros. with a defense in the underlying actions naming English Bros. as a defendant. Both insurers

have done so subject to a reservation of rights. However, only Specialty National has claimed that it has no obligation to do so, and only Specialty National is seeking to withdraw its defenses.

8. I am not certain which of the underlying actions is being defended wholly or in part by Specialty National as opposed to Westport. I have produced all reservations of rights letters from Specialty National in my possession to my attorney in this action.

9. I do not have a copy of English Bros.' policy with Specialty National for the period August 1, 2001 to August 1, 2002. It is my belief that English Bros.' coverage under that policy is the same as that provided under the renewal policy issued by Specialty National for the policy period August 1, 2002 to August 1, 2003.

_____
Frank Restivo

Sworn to before me on June 5, 2008

_____
Notary Public

Leon Windland
Notary Public St. of New York
No. 01WI4510029
Qualified in Kings County
Commission Expires Apr 30, 2011