IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Specialty National Insurance Company, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:07-cv-07507 (SHS) |
| ) | |
| English Brothers Funeral Home, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF SPECIALTY NATIONAL INSURANCE COMPANY'S
MOTION TO STRIKE AFFIDAVIT OF FRANK RESTIVO
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(e)**

Plaintiff, Specialty National Insurance Company ("Specialty National" or "Specialty"), by and through its undersigned counsel, and pursuant to FRCP 56(e) respectfully moves this Honorable Court to strike portions of the Affidavit of Frank Restivo filed in Opposition to Specialty National's Motion for Summary Judgment and in Support of English Brothers Funeral Homes' Cross-Motion for Summary Judgment (the "Response Brief"), and in support thereof states as follows:

1.  English Brothers has filed an Affidavit of Frank Restivo (the "Restivo Affidavit") in support of certain arguments set forth in its Response Brief, most notably that English Brothers leased space at its funeral home to Regional Funeral Service, whom Restivo believes was owned by Joseph Nicelli, one of the people indicted in connection with the illegal scheme at issue in the Underlying Suits.[1] <u>This allegation is not found in any of the Underlying Suits</u>. Indeed, this is the first time Specialty has ever learned of this allegation. For the reasons set

---

[1] The "Underlying Suits" refers to the lawsuits brought against English Brothers that are summarized in Specialty's Motion for Summary Judgment. Copies of the Underlying Suits are attached as Exhibits C through S to Specialty's Motion for Summary Judgment.

forth below, paragraphs 4 and 5 contained in the Restivo Affidavit fail to comply with the requirements of Rule 56(e) and should therefore be stricken.

2. Rule 56(e) provides that "[a] supporting or opposing affidavit <u>must be made on personal knowledge</u>, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed Rules Civ Proc R 56 (emphasis added).

3. Courts have found that the requirement of personal knowledge by the affiant under FRCP 56(e) is "unequivocal, and cannot be circumvented. An affidavit based merely on information and belief is unacceptable." *Harris v. Gonzales*, 488 F.3d 442, 446 (D.C. Cir. 2007), *citing Londrigan v. FBI*, 670 F.2d 1164, 1174 (D.C. Cir. 1981).

4. It is also well-settled that any part of an affidavit which does not contain specific facts of which the affiant has first-hand knowledge is "not entitled to any weight and cannot be considered by the court." *U.S. Small Bus. Admn. v. Citibank, N.A.*, 1997 U.S. Dist. LEXIS 1080, *9 (S.D.N.Y. 1997), *citing Union Soc'y v. William Gluckin & Co.*, 353 F.2d 946, 952 (2d Cir. 1965). Portions of an affidavit stating ultimate facts or legal conclusions must also be disregarded. *Id.*, *citing Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986).

5. Paragraph 4 of the Restivo Affidavit contains a statement of ultimate fact. Paragraph 4 contains the following statement: "Neither I nor English Bros. was a participant in the scheme." This is clearly an ultimate (indeed critical) fact at issue in the Underlying Suits, *i.e.*, whether or not English Brothers was involved in the scheme to illegally harvest body parts. Because paragraph 4 of the Restivo Affidavit is a statement of ultimate fact, it must be stricken pursuant to FRCP 56(e). *U.S. Small Bus. Admn. v. Citibank, N.A.*, 1997 U.S. Dist. LEXIS 1080, *9 (S.D.N.Y. 1997); *Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986).

6. Paragraph 5 of the Restivo Affidavit contains a statement that is based only on information and belief. Paragraph 5 states: "My <u>belief</u> is that English Bros. has been targeted as a defendant in several of the civil actions as a result of the fact that, at one time, English Bros. leased office space to Regional Funeral Service, whom I <u>believe</u> was owned by one of the individuals indicted in connection with the scheme, Joseph Nicelli." (emphasis added).

7. Restivo is not competent to testify as to the reasons why plaintiffs in the Underlying Suits filed their lawsuits against English Brothers because he does not have personal knowledge of this information. His affidavit states that it is only his "belief" that the lease agreement with Regional Funeral Services, which he "believes" is owned by Joseph Nicelli, caused English Brothers to be sued. Clearly, this statement is based on conjecture and speculation, and not first-hand, personal knowledge. Furthermore, this "belief" directly contradicts the allegations in the Underlying Suits themselves, which set forth why English Brothers is being sued. For example, in the Enright, Bruno, and Kogut Complaints, the plaintiffs allege that their deceased family members were entrusted to English Brothers for funeral services. The plaintiffs claim that English Brothers forged documents in order to allow the decedents' organs to be harvested, because English Brothers did not have the families' consent to do so.

8. Because paragraph 5 of the Restivo Affidavit contains statements that are based only on information and belief, it should be stricken pursuant to FRCP 56(e). *U.S. Small Bus. Admn. v. Citibank, N.A.*, 1997 U.S. Dist. LEXIS 1080, *9 (S.D.N.Y. 1997); *Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986).

WHEREFORE, Plaintiff, Specialty National Insurance Company, respectfully requests, for the reasons set forth herein, that this Honorable Court strike Paragraphs 4 and 5 of the

Restivo Affidavit and disregard all references and arguments which rely upon the statements made in paragraphs 4 and 5 in English Brothers' Response Brief, and to enter any other and further relief that this Court deems just and proper.

                                        Respectfully submitted,

                            By:_____/s/_____
                                Eleftherios Kravaris, Esq. (EK 4579)
                                John H. Somoza, Esq. (JS 1801)
                                MELITO & ADOLFSEN P.C.
                                Attorneys for Plaintiff
                                Specialty National Insurance Company
                                233 Broadway, 28th Floor
                                New York, NY 10279
                                (212) 238-8900
                                -and-
                                Robert Brunner, Esq.
                                BOLLINGER, RUBERRY & GARVEY
                                Attorneys for Plaintiff
                                Specialty National Insurance Company
                                500 West Madison Street
                                Suite 2300
                                Chicago, Illinois 60661
                                (312) 466-8000

67067