IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Specialty National Insurance Company, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:07-cv-07507 (SHS) |
| ) | |
| English Brothers Funeral Home, ) | |
| ) | |
| Defendant. ) | |

### PLAINTIFF SPECIALTY NATIONAL INSURANCE COMPANY'S RESPONSE TO DEFEDANT'S COUNTER-STATEMENT OF MATERIAL FACTS

Plaintiff, Specialty National Insurance Company ("Specialty National" or "Specialty"), by and through its undersigned counsel, and for its Response to Defendant English Brothers Funeral Home's ("English Brothers") Local Rule 56.1 Counter-Statement of Material Facts (the "Counter-Statement") states as follows:

### PRELIMINARY STATEMENT

Under Local Civil Rule 56.1(a), every motion for summary judgment must be accompanied by a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried. See L. Civ. Rule 56.1(a). The failure to submit such a statement may constitute grounds for the denial of the motion for summary judgment. Id.

In support of its Cross-Motion for Summary Judgment (the "Cross-Motion"), English Brothers has not submitted a separate statement of material facts as to which English Brothers contends there is no genuine issue to be tried. Instead, English Brothers has filed a joint Counter-Statement of Material Facts in opposition to Specialty's Motion for Summary Judgment and in support of English Brothers' Cross-Motion. In its current form, it is difficult to discern

exactly all of the material facts English Brothers contends there is no genuine issue to be tried. Specialty National respectfully requests that it be allowed to supplement this Response should it be determined that Specialty inadvertently did not response to every material fact that English Brothers contends there is no genuine issue to be tried.

## RESPONSES

1.   Paragraph 1 of the Counter-Statement contains no allegations of fact, and therefore Specialty makes no response to paragraph 1.

2.   Paragraph 2 of the Counter-Statement contains no allegations of fact, and therefore Specialty makes no response to paragraph 2.

3.   The positions taken by Specialty National in this matter are not based upon the "opinion of the merits" of the claims asserted in the Underlying Suits,[1] but instead are based on the specific facts alleged in the Underlying Suits. See Exhibits C through S attached to Specialty's Motion for Summary Judgment. In further responding, Specialty states that it has determined its coverage position based on a comparison of the terms and conditions of the Specialty National Policy to the facts alleged in the Underlying Suits. See Exhibit T attached to Specialty's Motion for Summary Judgment.[2]

4.   The positions taken by Specialty National in this matter are not based upon the "opinion of the merits" of the claims asserted in the Underlying Suits, but instead are based on the specific facts alleged in the Underlying Suits. See Exhibits C – S. In further responding, Specialty states that it has determined its coverage position based on a comparison of the terms

---

[1] The "Underlying Suits" refers to the lawsuits brought against English Brothers that are summarized in Specialty's Motion for Summary Judgment.
[2] Hereinafter, all references to "Exhibits" refer to the exhibits attached to Specialty's Motion for Summary Judgment.

and conditions of the Specialty National Policy to the facts alleged in the Underlying Suits. See Exhibit T.

5. The positions taken by Specialty National in this matter are not based upon the "opinion of the merits" of the claims asserted in the Underlying Suits, but instead are based on the specific facts alleged in the Underlying Suits. See Exhibits C – S. In further responding, Specialty states that it has determined its coverage position based on a comparison of the terms and conditions of the Specialty National Policy to the facts alleged in the Underlying Suits. See Exhibit T.

6. Paragraph 6 of the Counter-Statement contains no allegations of fact in support of the Cross-Motion, and therefore Specialty makes no response to paragraph 6.

7. The positions taken by Specialty National in this matter are not based upon the "opinion of the merits" of the claims asserted in the Underlying Suits, but instead are based on the specific facts alleged in the Underlying Suits. See Exhibits C – S. In further responding, Specialty states that it has determined its coverage position based on a comparison of the terms and conditions of the Specialty National Policy to the facts alleged in the Underlying Suits. See Exhibit T.

8. Paragraph 8 of the Counter-Statement contains no allegations of fact in support of the Cross-Motion, and therefore Specialty makes no response to paragraph 8.

9. The positions taken by Specialty National in this matter are not based upon the "opinion of the merits" of the claims asserted in the Underlying Suits, but instead are based on the specific facts alleged in the Underlying Suits. See Exhibits C – S. In further responding, Specialty states that it has determined its coverage position based on a comparison of the terms

and conditions of the Specialty National Policy to the facts alleged in the Underlying Suits. See Exhibit T.

10. Paragraph 10 of the Counter-Statement contains no allegations of fact in support of the Cross-Motion, and therefore Specialty makes no response to paragraph 10.

11. The positions taken by Specialty National in this matter are not based upon the "opinion of the merits" of the claims asserted in the Underlying Suits, but instead are based on the specific facts alleged in the Underlying Suits. See Exhibits C – S. In further responding, Specialty states that it has determined its coverage position based on a comparison of the terms and conditions of the Specialty National Policy to the facts alleged in the Underlying Suits. See Exhibit T.

12. The positions taken by Specialty National in this matter are not based upon the "opinion of the merits" of the claims asserted in the Underlying Suits, but instead are based on the specific facts alleged in the Underlying Suits. See Exhibits C – S. In further responding, Specialty states that it has determined its coverage position based on a comparison of the terms and conditions of the Specialty National Policy to the facts alleged in the Underlying Suits. See Exhibit T.

13. Paragraph 13 of the Counter-Statement contains no allegations of fact in support of the Cross-Motion, and therefore Specialty makes no response to paragraph 13.

14. The positions taken by Specialty National in this matter are not based upon the "opinion of the merits" of the claims asserted in the Underlying Suits, but instead are based on the specific facts alleged in the Underlying Suits. See Exhibits C – S. In further responding, Specialty states that it has determined its coverage position based on a comparison of the terms

and conditions of the Specialty National Policy to the facts alleged in the Underlying Suits. See Exhibit T.

15. The positions taken by Specialty National in this matter are not based upon the "opinion of the merits" of the claims asserted in the Underlying Suits, but instead are based on the specific facts alleged in the Underlying Suits. See Exhibits C – S. In further responding, Specialty states that it has determined its coverage position based on a comparison of the terms and conditions of the Specialty National Policy to the facts alleged in the Underlying Suits. See Exhibit T.

16. Paragraph 16 of the Counter-Statement contains no allegations of fact in support of the Cross-Motion, and therefore Specialty makes no response to paragraph 16.

17. The positions taken by Specialty National in this matter are not based upon the "opinion of the merits" of the claims asserted in the Underlying Suits, but instead are based on the specific facts alleged in the Underlying Suits. See Exhibits C – S. In further responding, Specialty states that it has determined its coverage position based on a comparison of the terms and conditions of the Specialty National Policy to the facts alleged in the Underlying Suits. See Exhibit T.

17. The positions taken by Specialty National in this matter are not based upon the "opinion of the merits" of the claims asserted in the Underlying Suits, but instead are based on the specific facts alleged in the Underlying Suits. See Exhibits C – S. In further responding, Specialty states that it has determined its coverage position based on a comparison of the terms and conditions of the Specialty National Policy to the facts alleged in the Underlying Suits. See Exhibit T.

18. The positions taken by Specialty National in this matter are not based upon the "opinion of the merits" of the claims asserted in the Underlying Suits, but instead are based on the specific facts alleged in the Underlying Suits. See Exhibits C – S. In further responding, Specialty states that it has determined its coverage position based on a comparison of the terms and conditions of the Specialty National Policy to the facts alleged in the Underlying Suits. See Exhibit T.

19. Paragraph 19 of the Counter-Statement contains no allegations of fact in support of the Cross-Motion, and therefore Specialty makes no response to paragraph 19.

20. The positions taken by Specialty National in this matter are not based upon the "opinion of the merits" of the claims asserted in the Underlying Suits, but instead are based on the specific facts alleged in the Underlying Suits. See Exhibits C – S. In further responding, Specialty states that it has determined its coverage position based on a comparison of the terms and conditions of the Specialty National Policy to the facts alleged in the Underlying Suits. See Exhibit T.

21. The positions taken by Specialty National in this matter are not based upon the "opinion of the merits" of the claims asserted in the Underlying Suits, but instead are based on the specific facts alleged in the Underlying Suits. See Exhibits C – S. In further responding, Specialty states that it has determined its coverage position based on a comparison of the terms and conditions of the Specialty National Policy to the facts alleged in the Underlying Suits. See Exhibit T.

22. Paragraph 22 of the Counter-Statement contains no allegations of fact in support of the Cross-Motion, and therefore Specialty makes no response to paragraph 22.

23. The positions taken by Specialty National in this matter are not based upon the "opinion of the merits" of the claims asserted in the Underlying Suits, but instead are based on the specific facts alleged in the Underlying Suits. See Exhibits C – S. In further responding, Specialty states that it has determined its coverage position based on a comparison of the terms and conditions of the Specialty National Policy to the facts alleged in the Underlying Suits. See Exhibit T.

24. The positions taken by Specialty National in this matter are not based upon the "opinion of the merits" of the claims asserted in the Underlying Suits, but instead are based on the specific facts alleged in the Underlying Suits. See Exhibits C – S. In further responding, Specialty states that it has determined its coverage position based on a comparison of the terms and conditions of the Specialty National Policy to the facts alleged in the Underlying Suits. See Exhibit T.

25. Paragraph 25 of the Counter-Statement contains no allegations of fact in support of the Cross-Motion, and therefore Specialty makes no response to paragraph 25.

26. The positions taken by Specialty National in this matter are not based upon the "opinion of the merits" of the claims asserted in the Underlying Suits, but instead are based on the specific facts alleged in the Underlying Suits. See Exhibits C – S. In further responding, Specialty states that it has determined its coverage position based on a comparison of the terms and conditions of the Specialty National Policy to the facts alleged in the Underlying Suits. See Exhibit T.

27. The positions taken by Specialty National in this matter are not based upon the "opinion of the merits" of the claims asserted in the Underlying Suits, but instead are based on the specific facts alleged in the Underlying Suits. See Exhibits C – S. In further responding,

Specialty states that it has determined its coverage position based on a comparison of the terms and conditions of the Specialty National Policy to the facts alleged in the Underlying Suits. See Exhibit T.

28. Paragraph 28 of the Counter-Statement contains no allegations of fact in support of the Cross-Motion, and therefore Specialty makes no response to paragraph 28.

29. The positions taken by Specialty National in this matter are not based upon the "opinion of the merits" of the claims asserted in the Underlying Suits, but instead are based on the specific facts alleged in the Underlying Suits. See Exhibits C – S. In further responding, Specialty states that it has determined its coverage position based on a comparison of the terms and conditions of the Specialty National Policy to the facts alleged in the Underlying Suits. See Exhibit T.

30. The positions taken by Specialty National in this matter are not based upon the "opinion of the merits" of the claims asserted in the Underlying Suits, but instead are based on the specific facts alleged in the Underlying Suits. See Exhibits C – S. In further responding, Specialty states that it has determined its coverage position based on a comparison of the terms and conditions of the Specialty National Policy to the facts alleged in the Underlying Suits. See Exhibit T.

31. Paragraph 31 of the Counter-Statement contains no allegations of fact in support of the Cross-Motion, and therefore Specialty makes no response to paragraph 31.

32. The positions taken by Specialty National in this matter are not based upon the "opinion of the merits" of the claims asserted in the Underlying Suits, but instead are based on the specific facts alleged in the Underlying Suits. See Exhibits C – S. In further responding, Specialty states that it has determined its coverage position based on a comparison of the terms

and conditions of the Specialty National Policy to the facts alleged in the Underlying Suits. See Exhibit T.

33. The positions taken by Specialty National in this matter are not based upon the "opinion of the merits" of the claims asserted in the Underlying Suits, but instead are based on the specific facts alleged in the Underlying Suits. See Exhibits C – S. In further responding, Specialty states that it has determined its coverage position based on a comparison of the terms and conditions of the Specialty National Policy to the facts alleged in the Underlying Suits. See Exhibit T.

34. Paragraph 34 of the Counter-Statement contains no allegations of fact in support of the Cross-Motion, and therefore Specialty makes no response to paragraph 34.

35. The positions taken by Specialty National in this matter are not based upon the "opinion of the merits" of the claims asserted in the Underlying Suits, but instead are based on the specific facts alleged in the Underlying Suits. See Exhibits C – S. In further responding, Specialty states that it has determined its coverage position based on a comparison of the terms and conditions of the Specialty National Policy to the facts alleged in the Underlying Suits. See Exhibit T.

36. The positions taken by Specialty National in this matter are not based upon the "opinion of the merits" of the claims asserted in the Underlying Suits, but instead are based on the specific facts alleged in the Underlying Suits. See Exhibits C – S. In further responding, Specialty states that it has determined its coverage position based on a comparison of the terms and conditions of the Specialty National Policy to the facts alleged in the Underlying Suits. See Exhibit T.

37. Paragraph 37 of the Counter-Statement contains no allegations of fact in support of the Cross-Motion, and therefore Specialty makes no response to paragraph 37.

38. The positions taken by Specialty National in this matter are not based upon the "opinion of the merits" of the claims asserted in the Underlying Suits, but instead are based on the specific facts alleged in the Underlying Suits. See Exhibits C – S. In further responding, Specialty states that it has determined its coverage position based on a comparison of the terms and conditions of the Specialty National Policy to the facts alleged in the Underlying Suits. See Exhibit T.

39. The positions taken by Specialty National in this matter are not based upon the "opinion of the merits" of the claims asserted in the Underlying Suits, but instead are based on the specific facts alleged in the Underlying Suits. See Exhibits C – S. In further responding, Specialty states that it has determined its coverage position based on a comparison of the terms and conditions of the Specialty National Policy to the facts alleged in the Underlying Suits. See Exhibit T.

40. Paragraph 40 of the Counter-Statement contains no allegations of fact in support of the Cross-Motion, and therefore Specialty makes no response to paragraph 40.

41. The positions taken by Specialty National in this matter are not based upon the "opinion of the merits" of the claims asserted in the Underlying Suits, but instead are based on the specific facts alleged in the Underlying Suits. See Exhibits C – S. In further responding, Specialty states that it has determined its coverage position based on a comparison of the terms and conditions of the Specialty National Policy to the facts alleged in the Underlying Suits. See Exhibit T.

42.     The positions taken by Specialty National in this matter are not based upon the "opinion of the merits" of the claims asserted in the Underlying Suits, but instead are based on the specific facts alleged in the Underlying Suits. See Exhibits C – S. In further responding, Specialty states that it has determined its coverage position based on a comparison of the terms and conditions of the Specialty National Policy to the facts alleged in the Underlying Suits. See Exhibit T.

43.     Paragraph 43 of the Counter-Statement contains no allegations of fact in support of the Cross-Motion, and therefore Specialty makes no response to paragraph 43.

44.     The positions taken by Specialty National in this matter are not based upon the "opinion of the merits" of the claims asserted in the Underlying Suits, but instead are based on the specific facts alleged in the Underlying Suits. See Exhibits C – S. In further responding, Specialty states that it has determined its coverage position based on a comparison of the terms and conditions of the Specialty National Policy to the facts alleged in the Underlying Suits. See Exhibit T.

45.     The positions taken by Specialty National in this matter are not based upon the "opinion of the merits" of the claims asserted in the Underlying Suits, but instead are based on the specific facts alleged in the Underlying Suits. See Exhibits C – S. In further responding, Specialty states that it has determined its coverage position based on a comparison of the terms and conditions of the Specialty National Policy to the facts alleged in the Underlying Suits. See Exhibit T.

46.     Paragraph 46 of the Counter-Statement contains no allegations of fact in support of the Cross-Motion, and therefore Specialty makes no response to paragraph 46.

47. The positions taken by Specialty National in this matter are not based upon the "opinion of the merits" of the claims asserted in the Underlying Suits, but instead are based on the specific facts alleged in the Underlying Suits. See Exhibits C – S. In further responding, Specialty states that it has determined its coverage position based on a comparison of the terms and conditions of the Specialty National Policy to the facts alleged in the Underlying Suits. See Exhibit T.

48. The positions taken by Specialty National in this matter are not based upon the "opinion of the merits" of the claims asserted in the Underlying Suits, but instead are based on the specific facts alleged in the Underlying Suits. See Exhibits C – S. In further responding, Specialty states that it has determined its coverage position based on a comparison of the terms and conditions of the Specialty National Policy to the facts alleged in the Underlying Suits. See Exhibit T.

49. Paragraph 49 of the Counter-Statement contains no allegations of fact in support of the Cross-Motion, and therefore Specialty makes no response to paragraph 49.

50. The positions taken by Specialty National in this matter are not based upon the "opinion of the merits" of the claims asserted in the Underlying Suits, but instead are based on the specific facts alleged in the Underlying Suits. See Exhibits C – S. In further responding, Specialty states that it has determined its coverage position based on a comparison of the terms and conditions of the Specialty National Policy to the facts alleged in the Underlying Suits. See Exhibit T.

51. The positions taken by Specialty National in this matter are not based upon the "opinion of the merits" of the claims asserted in the Underlying Suits, but instead are based on the specific facts alleged in the Underlying Suits. See Exhibits C – S. In further responding,

Specialty states that it has determined its coverage position based on a comparison of the terms and conditions of the Specialty National Policy to the facts alleged in the Underlying Suits. See Exhibit T.

52. Paragraph 52 of the Counter-Statement contains no allegations of fact in support of the Cross-Motion, and therefore Specialty makes no response to paragraph 52.

53. The positions taken by Specialty National in this matter are not based upon the "opinion of the merits" of the claims asserted in the Underlying Suits, but instead are based on the specific facts alleged in the Underlying Suits. See Exhibits C – S. In further responding, Specialty states that it has determined its coverage position based on a comparison of the terms and conditions of the Specialty National Policy to the facts alleged in the Underlying Suits. See Exhibit T.

54. The positions taken by Specialty National in this matter are not based upon the "opinion of the merits" of the claims asserted in the Underlying Suits, but instead are based on the specific facts alleged in the Underlying Suits. See Exhibits C – S. In further responding, Specialty states that it has determined its coverage position based on a comparison of the terms and conditions of the Specialty National Policy to the facts alleged in the Underlying Suits. See Exhibit T.

55. Paragraph 55 of the Counter-Statement contains no allegations of fact, and therefore Specialty makes no response to paragraph 55.

56. Paragraph 56 of the Counter-Statement contains no allegations of fact in support of the Cross-Motion, and therefore Specialty makes no response to paragraph 56.

57. Paragraph 57 of the Counter-Statement contains no allegations of fact in support of the Cross-Motion, and therefore Specialty makes no response to paragraph 57.

58. Paragraph 58 of the Counter-Statement contains no allegations of fact in support of the Cross-Motion, and therefore Specialty makes no response to paragraph 58.

59. Paragraph 59 of the Counter-Statement contains no allegations of fact in support of the Cross-Motion, and therefore Specialty makes no response to paragraph 59.

60. Paragraph 60 of the Counter-Statement contains no allegations of fact in support of the Cross-Motion, and therefore Specialty makes no response to paragraph 60.

Respectfully submitted,

By: /s/
Eleftherios Kravaris, Esq. (EK 4579)
John H. Somoza, Esq. (JS 1801)
MELITO & ADOLFSEN P.C.
Attorneys for Plaintiff
Specialty National Insurance Company
233 Broadway, 28th Floor
New York, NY 10279
(212) 238-8900
-and-
Robert Brunner, Esq.
BOLLINGER, RUBERRY & GARVEY
Attorneys for Plaintiff
Specialty National Insurance Company
500 West Madison Street
Suite 2300
Chicago, Illinois 60661
(312) 466-8000

67069