UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
═══════════════════════════════════════

SPECIALTY NATIONAL INSURANCE CO.,

                Plaintiff,

v.

ENGLISH BROTHERS FUNERAL HOME,

                Defendant.

═══════════════════════════════════════

No. 1:07-cv-07507 (SHS)

**ELECTRONICALLY FILED**

### ENGLISH BROS.' FUNERAL HOME'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE

Defendant Frank Restivo Funeral Home, Inc. d/b/a English Bros. Funeral Home (named in the caption as English Brothers Funeral Home) ("English Bros.") submits this memorandum in opposition to the motion to strike by plaintiff Specialty National Insurance Company ("Specialty National"). Specialty National asks the Court to strike certain parts of an affidavit submitted by Frank Restivo in connection with pending cross-motions for summary judgment in this case.

In its motion, Specialty National argues that Mr. Restivo's statement that he was not involved in a scheme to illegally sell and procure body parts must be stricken because it is an "ultimate fact." Specialty Nat. Motion at ¶ 5. Specialty National's argument reflects its bad faith towards its insured. English Bros. and Mr. Restivo deny any wrongdoing in connection with the underlying actions. However, the issue of Mr. Restivo's involvement, if any, in the underlying scheme is an ultimate issue of fact, if anywhere, only in the underlying actions. This action is an insurance coverage dispute.

It is a contractual dispute, and the issue before for the Court is whether, based on the face of the underlying complaints, there is a duty to defend English Bros. under the Specialty National policies at issue.

The issue of Mr. Restivo's conduct is not before this Court, and his statement regarding his lack of involvement in the underlying scheme cannot therefore be an ultimate fact. In its answer, English Bros. asserted a counterclaim for bad faith against Specialty National. English Bros. asserted the counterclaim based on its expectation and fear that Specialty National would impermissibly attempt to prove its insured's culpability in the underlying actions *in this action*, even while it is simultaneously controlling its insured's defense in the underlying actions. In light of Specialty National's motion to strike, it is evident that those expectations and fears were justified. By attempting to squelch Mr. Restivo's right to deny his involvement in the underlying criminal scheme, Specialty National is impliedly arguing before the Court in this action that Mr. Restivo was involved in the underlying scheme. At a minimum, Specialty National is seeking a Court order prohibiting Mr. Restivo from denying his involvement in the underlying scheme. This is interfering with Mr. Restivo's right to defend himself in the underlying action – which defense Specialty National is controlling!

Specialty National's motion is impermissible. It should of course be denied, but it is also evidence of Specialty National's bad faith in this action. In its original summary judgment brief, English Bros. represented that it would discontinue its bad faith claim without prejudice in the event it prevails on the duty to defend issue. See English Bros. Memo. at 7. This representation was made before Specialty National's motion to strike was made. English Bros. no longer will discontinue the bad faith action, and will seek

damages for bad faith against Specialty National regardless of the outcome of the pending cross-motions for summary judgment.

Dated: July 17, 2008                Respectfully submitted,

KENNEY SHELTON LIPTAK NOWAK LLP


By:            /s/
       Timothy E. Delahunt (TD-2791)

510 Rand Building
14 Lafayette Square
Buffalo, New York 14203
Tel.: (716) 853-3801
Fax: (716) 853-0265
E-Mail: tedelahunt@kslnlaw.com

*Attorneys for defendant English Bros. Funeral Home*