UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                        :
SPECIALTY NATIONAL INSURANCE     :
COMPANY,                                  :
                                        :    07-civ-7507 (SHS)
                       Plaintiff,      :
                                        :
                                        :    <u>OPINION</u>
          -against-                     :
                                        :
ENGLISH BROTHERS FUNERAL HOME,  :
                                        :
                   Defendant.     :
                                        :
------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

       Plaintiff Specialty National Insurance Company ("Specialty") brings this action seeking a declaratory judgment that, despite having issued insurance policies to defendant English Brothers Funeral Home, it has no duty to defend or indemnify its insured in a series of lawsuits filed against English Brothers relating to the alleged unlawful harvesting of human body parts from corpses entrusted to defendant for burial. English Brothers, for its part, contends that each of the suits filed against it raises at least some claims—and therefore provides some factual and legal basis—by which Specialty might ultimately be obligated to indemnify it, and accordingly, that a declaratory judgment should be granted in its favor compelling Specialty to defend it in each underlying case. Each side contends the record as developed thus far is sufficiently clear for the Court to grant summary judgment in its favor with respect to Specialty's duty to defend. Specialty additionally seeks summary judgment with respect to its duty to indemnify, while English Brothers seeks dismissal of the action insofar as it seeks to resolve any duty to indemnify

as premature. Finally, English Brothers requests the reasonable attorneys' fees and costs it has incurred in defending itself in this action should it prevail on these motions.

Because the Court finds that each of the underlying complaints does in fact provide some basis by which Specialty might ultimately be obligated to indemnify English Brothers, Specialty does have a duty to defend English Brothers in the underlying suits. Therefore, Specialty's motion should be denied to the extent it seeks a declaration that it has no duty to defend English Brothers, and defendant's motion for summary judgment with regard to the same should be granted. In addition, the Court finds Specialty's request for a declaratory judgment that it has no duty to indemnify English Brothers to be premature, and accordingly, that portion of plaintiff's motion for summary judgment should be denied and that portion of the action should be dismissed without prejudice. Finally, because defendant prevails on the merits in this litigation, English Brothers' request for reasonable attorneys' fees and costs should be granted.

**I. BACKGROUND**

Plaintiff, a national insurance company, issued a policy to English Brothers in August 2002 that provided separate coverage for (1) Business Owners Liability and (2) Death Care Services Professional Liability. (Pl.'s Local Rule 56.1 Statement of Undisputed Material Facts ("Pl.'s 56.1") ¶ 55). The Business Owners Liability coverage extends to any "'bodily injury' . . . caused by an 'occurrence'" with "occurrence" being defined as "an accident." (Business Owners Liability Coverage at A(1)(b)(1)(a), F(12), Ex. T to Pl.'s Mem. of Law in Supp. of Summ. J. "Pl.'s Summ J. Mem.") The Death Care Services Professional Liability coverage extends to any "professional malpractice,

error, or mistake, which causes bodily injury, sickness, disease, death or mental anguish." (Death Care Svcs. Professional Liability Coverage at I(1)(a), V(6)(a)(1)(a), Ex. T to Pl.'s Summ J. Mem.)

Beginning in the fall of 2005, English Brothers was named as a defendant in a series of lawsuits stemming from allegations that it, in conjunction with several other individuals and entities also named as defendants in those actions, illegally harvested body parts, organs, and tissue from corpses without the consent of the deceased or their families, and then caused those body parts, organs, and tissues to be implanted in individuals awaiting donations without their knowledge of where the implanted body parts, organs, or tissues had come from. (Pl.'s 56.1 ¶¶ 3-54; Def.'s Local 56.1 Counter-Statement of Material Facts ("Def.'s 56.1") ¶¶ 3-54.)

At least seventeen such suits were filed falling into two general categories. First, "donor cases" have been brought by living family members of decedents whose bodies were allegedly harvested without the consent of the decedents or their families; these donor cases seek relief for the resulting emotional, physical, and mental anguish suffered by surviving family members as a result. (E.g., Enright v. English Bros. Funeral Home, Inc., et al. ("Enright Compl."), Ex. C to Pl.'s Summ. J. Mem.; Bruno v. English Bros. Funeral Home, et al. ("Bruno Compl."), Ex. D to Pl.'s Summ J. Mem.)

Second, "implant cases" have been brought by persons who received tissue or other body parts from the harvested corpses; the implant cases seek relief for physical injuries suffered or likely to be incurred by the recipients as a result of defendants' conduct, as well as for the emotional and mental anguish suffered by the organ or tissue recipients and their families. (E.g. Collins v. Biomedical Tissue Svcs., Ltd. ("Collins

3

Compl."), Ex. I to Pl.'s Summ. J. Mem.; Ricklefs v. Biomedical Tissue Svcs. Ltd. ("Ricklefs Compl."), Ex. J to Pl.'s Summ. J. Mem.)

While the claims raised vary slightly from suit to suit,[1] each of the seventeen complaints alleges both intentional wrongful conduct as well as negligent conduct—including a failure to supervise or manage employees or to properly handle corpses—by English Brothers. (Exs. C-S to Pl.'s Summ. J. Mem.) Donor cases stem from the contractual relationship between English Brothers and the families of corpses entrusted to it for burial, and accordingly include claims for breach of contract, false or fraudulent representations, and unjust enrichment, (E.g., Enright Compl. ¶¶ 50, 63, 72, 76-77.) Donor cases, all of which name not only English Brothers but also their employees and other defendants, also bring claims for "conduct that was negligent" and allege that "this negligence caused plaintiff" various harms. (Id. ¶ 58.)

By contrast, implant cases are brought by plaintiffs who have no direct contractual relationship with English Brothers but instead allege they received organs, body parts, or tissue from third parties also named as defendants after those organs or tissues were harvested from corpses in English Brothers' care. Accordingly, those suits are brought primarily against other defendants and raise claims such as products liability, intentional misrepresentation, and breach of express warranty. (E.g., Ricklefs Compl. ¶¶ 37-54; 67-78; 79-88.) However, implant cases also set forth claims against English Brothers for negligence, negligent infliction of emotional distress, and respondeat

---

[1] While there are noticeable differences between donor cases and implant cases, many complaints within each category are virtually identical to each other with the exception of the named parties and relevant dates. (E.g., compare Ricklefs v. Biomedical Tissue Svcs., Ltd., et al., Ex. J. to Pl.'s Summ. J. Mem. with Wood v. Biomedical Tissue Svcs. Ltd., Ex. K to Pl.'s Summ J. Mem.) Thus, for purposes of resolving this motion, the Court need not discuss in any detail the particulars of every individual complaint.

superior liability for the negligent acts or omissions of its employees.  (E.g., Ricklefs Compl. ¶¶ 55-60, 97-100, 101-05.)

In August 2007, Specialty commenced this action, seeking a declaration that it had neither a duty to indemnify nor to defend English Brothers in any of the underlying suits because each involved intentional wrongful conduct and accordingly alleged claims not covered by the policies issued.  Both parties subsequently moved for summary judgment in their respective favor.

**II.     ANALYSIS**

   A.     The Summary Judgment Standard

Summary judgment is appropriate if the evidence shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  A genuine issue of material fact exists where the record taken as a whole could lead a reasonable trier of fact to find for the non-moving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  In determining whether a genuine issue of material fact exists, a court "is to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." Patterson v. County of Oneida, 375 F.3d 206, 219 (2d Cir. 2004).

The same standard applies where the parties file cross-motions for summary judgment.  Morales v. Quitnel Entm't., Inc., 249 F.3d 115, 121 (2d Cir. 2001); see also Ford Motor Co. v. N.Y. City Police Dep't, 394 F. Supp. 2d 600, 609 (S.D.N.Y. 2005). Each party's motion is examined independently, with the Court drawing all reasonable

inferences against the party whose motion is under consideration.  Schwabenbauer v. Bd. of Educ., 667 F.2d 305, 314 (2d Cir. 1981); see also Int'l Action Ctr. v. City of New York, 522 F. Supp. 2d 679, 683 (S.D.N.Y. 2007).

      B.      The Duty to Defend

Under New York law, which the parties agree applies in this case, an insurer has an "exceedingly broad" duty to defend the insured, Automobile Ins. Co. of Hartford v. Cook, 7 N.Y.3d 131, 137 (2006) (citations omitted), and "an insurer will be called upon to provide a defense whenever the allegations of the complaint 'suggest . . . a reasonable possibility of coverage.'"  (Id.) (quoting Continental Cas. Co. v. Rapid-American Corp., 80 N.Y.2d 640, 648 (1993)).  While a court evaluates the possibility of coverage based on the "four corners" of the underlying complaint, its review goes no further than the face of that complaint, and "[i]f liberally construed, [a] claim is within the embrace of the policy, the insurer must come forward to defend its insured no matter how groundless, false or baseless the suit may be."  Ruder & Finn v. Seaboard Sur. Co., 52 N.Y.2d 663, 670 (1981).

Accordingly, an insurer has a duty to defend a claim against its policy holder unless it can establish "as a matter of law, that there is no possible factual or legal basis on which the insurer might eventually be obligated to indemnify the insured under any policy provision."  Villa Charlotte Bronte, Inc. v. Commercial Union Ins. Co., 64 N.Y.2d 846, 848 (1985).  This Specialty cannot do on this record.  English Brothers correctly notes that each of the underlying cases filed against it includes at least one claim of negligence and pleads facts supporting a potential finding of liability premised on negligence in the handling of corpses or in the oversight or management of employees.

6

That negligence, if found by the trier of fact in the underlying litigations, could constitute "professional malpractice [or] error which cause[d] . . . mental anguish," and accordingly, could arguably be within the terms of the policy Specialty issued. (Death Care Svcs. Professional Liability Coverage at V(6)(a)(1)(a), Ex. T to Pl.'s Summ J. Mem.)

That the complaints also allege claims of intentional misconduct that may not give rise to coverage under the policy does not diminish Specialty's duty to defend English Brothers. While, if proven, such claims of intentional misconduct might not give rise to a duty to indemnify, the duty to defend—which has been likened to "litigation insurance"—requires only that the complaint include "<u>any</u> facts or grounds which bring the action within the protection purchased." <u>Seaboard Sur. Co. v. Gillette Co.</u>, 64 N.Y.2d 304, 310 (1984) (emphasis added). For purposes of the duty to defend, the fact that "the complaint . . . asserts additional claims which fall outside the policy's general coverage or within its exclusory provisions" is not "material." <u>Id.</u>

C. <u>Policy Exclusions</u>

Specialty also contends it has no duty to defend English Brothers in the underlying litigation because the harms alleged or relief sought by the plaintiffs in the underlying complaints are expressly excluded from the policies in three different ways. An insurer seeking to avoid a duty to defend on the basis of a policy exclusion bears a "heavy burden" <u>Continental Cas.</u>, 80 N.Y. at 654, and must establish, at a bare minimum, "that the exclusion . . . applies in this particular case." <u>Sea Ins. Co., Ltd. v. Westchester Fire Ins. Co.</u>, 51 F.3d 22, 26 (2d Cir. 1995).

The three relevant policy exclusions are as follows:

7

### 1. *"Expected or Intended" Exclusion*

First, Specialty contends that the harms alleged were "expected or intended from the standpoint of the insured" and therefore are explicitly excluded from the policy's coverage. (Business Owners Liability Coverage at B(1)(a), Ex. T to Pl.'s Summ J. Mem.) Applicability of the exclusion hinges on Specialty establishing that English Brothers had actual knowledge of the scheme, and therefore, that any harms stemming from it were "expected or intended." However, Specialty has not established on this record that English Brothers had actual knowledge of the scheme because it can point to nothing more than the facts alleged in the complaint, which not only have yet to be proven but also are expressly denied by English Brothers. (Aff. of Frank Restivo dated June 5, 2008 ¶ 4.) As a result, Specialty cannot invoke this exclusion to escape its duty to defend English Brothers.

### 2. *"Professional Service" Exclusion*

Second, Specialty contends the "professional services" exclusion in its Business Owners Liability coverage—which excludes claims for "[injuries] . . . due to rendering or failure to render any professional service" (Business Owners Liability Coverage at B(j), Ex. T to Pl.'s Summ J. Mem.)—applies because "the allegations against English Brothers are for its rendering or failure to render a professional service." (Pl.'s Mem. of Law in Supp. of Summ. J. at 22.) The argument is unavailing. The exclusion applies only to the Business Owners Liability coverage, not to the Deathcare Services Professional Liability coverage; the latter <u>explicitly</u> <u>covers</u> harms caused in the course of rendering professional services. Therefore, even assuming the exception applied, it does not bar coverage under the Deathcare Services Professional component of the policy.

### 3. *Punitive Damages Exclusion*

Finally, Specialty claims that the underlying claims seek punitive damages, which, it contends, are excluded by the "Punitive or Exemplary Damages Exclusion" in its policy. (Punitive or Exemplary Damages Exclusion, Ex. T to Pl.'s Mem. of Law in Supp. of Summ. J.) However the specific language of the exclusion states that "if 'suit' is brought . . . seeking both compensatory and punitive or exemplary damages, then [Specialty] will afford a defense to such action." (Id. ¶ 2.) (emphasis added). Here, each of the complaints seeks both compensatory and punitive damages, a fact Specialty does not dispute, and accordingly, the plain language of its policy makes clear that Specialty owes English Brothers a duty to defend it in each of these actions.

The Court therefore finds Specialty owes English Brothers a duty to defend it against each of the underlying complaints. Specialty's motion for summary judgment should be denied to the extent that it seeks a declaration that it has no duty to defend English Brothers, and English Brothers motion for summary judgment in its favor on that issue should be granted.

### D. Duty to Indemnify

Specialty also seeks summary judgment with respect to its duty to indemnify English Brothers in the event that English Brothers is found liable in any of the underlying lawsuits. The duty to indemnify is unquestionably narrower than the duty to defend. See Ruder & Finn, 52 N.Y.2d at 669. However, New York courts have held that:

> An action to declare the insurer's duty to indemnify is premature and does not lie where the complaint in the underlying action alleges several grounds of liability, some of which invoke the coverage of the policy, and

9

> where the issues of indemnification and coverage hinge on facts which
> will necessarily be decided in that underlying action.

Hout v. Coffman, 126 A.D.2d 973, 973 (4th Dep't 1987); see also Spoor-Lasher Co. v. Aetna Cas. & Sur. Co., 39 N.Y.2d 875, 876-77 (1976).  Therefore, until the underlying action is decided, dismissal of an insurance company's declaratory judgment action for indemnity is appropriate.  See Village of Sylvan Beach, 55 F.3d at 115-16 ("[W]here the policy includes an obligation to defend, if there is a doubt as to whether the claim comes within the insurer's duty to indemnify, the insurer is generally required to furnish a defense, leaving the issue of indemnification to be settled after establishment of the insured's liability.")

Here, the issue of Specialty's duty to indemnify English Brothers rests on facts to be determined in each of the underlying lawsuits.  Specialty's action for a declaratory judgment with regard to its duty to indemnify English Brothers is premature because there has been no determination of liability in the underlying litigation.  Specialty's motion should be denied to the extent that it seeks a declaration that it has no duty to indemnify English Brothers and that part of its action should be dismissed without prejudice.

E. Attorneys' Fees

Finally, English Brothers seeks an award of its reasonable attorneys' fees for the costs of litigating this dispute. Under New York law, a liability insurer's obligation to defend its policyholder includes a defense against the insurer's own declaratory judgment action.  United States Underwriters Ins. Co. v. City Club Hotel, LLC, 3 N.Y.3d 592, 598 (2004); see also Mighty Midgets, Inc. v. Centennial Ins. Co., 47 N.Y.2d 12, 21 (1979).  In that regard, New York courts have held that "[a]n insured who is 'cast in a defensive

10

posture by the legal steps an insurer takes in an effort to free itself from its policy obligations,' and who prevails on the merits, may recover attorneys' fees incurred in defending against the insurer's action." City Club Hotel, 3 N.Y. 3d at 597 (quoting Mighty Midgets, 47 N.Y.2d at 21).

Here, Specialty has cast English Brothers in a "defensive position" by taking steps—that is, filing this action—to free itself from its policy obligations to defend and indemnify English Brothers in each of the underlying suits. Moreover, since the Court has now determined that Specialty does have a duty to defend English Brothers in the underlying suits, defendant has prevailed on the merits.[2] English Brothers is thus entitled to its attorneys' fees and costs incurred in defending this action.

## IV.   CONCLUSION

Because the Court finds that each of the underlying complaints provides some basis by which Specialty might ultimately be obligated to indemnify English Brothers, and that none of the relevant policy exclusions bar that prospect, Specialty does have a duty to defend English Brothers in the underlying suits. Therefore, Specialty's motion for summary judgment should be denied in full, and the action should be dismissed without prejudice as premature to the extent it seeks a declaratory judgment that Specialty has no duty to indemnify English Brothers. The motion by English Brothers for summary judgment declaring that Specialty has a duty to defend it in the underlying

---

[2] Even though the Court is dismissing the action as premature without prejudice to the extent it seeks a declaration that Specialty has no duty to indemnify defendant, English brothers has nonetheless "prevail[ed] on the merits" for purposes of awarding fees. See United States Underwriters Ins. Co. v. City Club Hotel, LLC, 3 N.Y.3d 592, 597 (2004) (finding, on similar facts, that "it is undisputed that [defendant] successfully defended against the insurer's summary judgment motion and thereby prevailed in the matter" for purposes of awarding fees).

11

actions should be granted as should its request for reasonable attorneys' fees and costs incurred in defending this action.

Dated: New York, New York
       March 30, 2009

_____
Sidney H. Stein, U.S.D.J.